Ball et a.<br>v.<br>Badger.

---

## DYER *versus* STANWOOD, Adr.

Appeals from the determination of commissioners upon insolvent estates, are to be entered in the common pleas, and not in the superior court, the jurisdiction of such appeals having been transferred by the statute of December 29, 1832.

APPEAL from the determination of the commissioner appointed to receive, examine, and allow the claims of the several creditors of the estate of William J. Partridge, disallowing the claim made by Dyer against said estate.

The appeal was taken on the 17th June, 1833, and being entered at this term, a motion was now made by the counsel for the appellee, that the appeal be dismissed for want of jurisdiction.

*I. Bartlett,* for the appellant.

*Christie,* for the appellee.

PARKER, J. Formerly appeals of this description came directly to this court. The statute of July 2, 1822, regulating the settlement and distribution of insolvent estates, sect. 5, enacts, "that any creditor conceiving himself aggrieved by the determination of the said commissioners, on any demand by him exhibited, may at the time of the acceptance of the report by the judge, or within thirty days afterwards, appeal from such determination to the superior court of judicature next to be holden in the same county," &c.

Dyer
v.
Stanwood.

The act of December 29, 1832, relating to the organization of the courts of justice, sect. 4, transfers all the jurisdiction, power and authority of the superior court, except as in that act is provided, to the common pleas; and by sect. 8, among other matters of which the superior court is to have exclusive jurisdiction, are "all appeals from any judgment, order, decree or denial of any judge of probate and all applications for such appeals."

There is in the latter statute no provision for jurisdiction by the superior court of appeals from the determination of commissioners on insolvent estates, and it is apparent, therefore, that unless this is in effect an appeal from a judgment, order, decree or denial of the judge of probate, it should have been entered in the common pleas. But it cannot be so considered. The statute of 1822 provides for a hearing upon all claims against estates represented insolvent, except those due the executor or administrator, before the commissioners. Upon the return of the list of the claims allowed by the commissioners, and before the acceptance of the report, any errors may be corrected by the commissioners, under the inspection, or by the permission of the judge; and if the parties agree, instead of an appeal, the disputed claim may be submitted to referees, in which case the report of the referees, accepted by the judge, is to be final and conclusive; but the judge himself does not sit for the correction of those errors, nor is any hearing, upon the merits of any claim presented to the commissioners, had before him. Nor had he any power to determine whether the claim made in this case should be allowed or rejected, in whole, or in part. That power was vested in the commissioner alone, and the appeal, therefore, is precisely what the statute of 1822 denominates it, an appeal from the determination of the commissioner, and does not come within the letter or spirit of the clause giving this court jurisdiction of appeals from the orders and decrees of the judge of probate.

Dyer
v.
Stanwood.

The judge has made no judgment, order or decree upon this particular claim. He has inquired whether due notice has been given to the creditors, and has passed a decree of acceptance of the report, but that decree is not in controversy, nor opened by this appeal, and will stand good as to all matters thereby adjudicated by him, whatever may be the fate of this appeal. If the appellant succeeds in this case he will have his claim added to those allowed by the commissioner, but no order of the judge will be annulled or varied by it, nor will any order be entered by the court above, that the decree of the judge of probate be either affirmed or reversed.

It was doubtless intended that appeals of this description should be carried to the common pleas, as they usually result in a trial by jury, in the first instance, and any issue of fact must be tried in the common pleas, if the jurisdiction had been retained in this court.

This must, therefore, be made a mis-entry here. But the appellant may move in the common pleas, at the next term, to enter the appeal there as of the last term, and to bring it forward for trial, and if upon the trial any questions of law arise, the case can be transferred to this court, in the same manner as any case of which the original jurisdiction rests in the common pleas.