## SMITH & ux. *vs.* McDANIEL, Admr.

A creditor's appeal from the determination of the commissioners on an insolvent estate, as allowed by the Statute of July 2d, 1822, and the Revised Statutes, ch. 163, § 6 and 10, should be entered at the term of the court appealed to, next to be holden in the same county ; and this court has no authority, upon a petition by a creditor who has failed to enter his appeal, to grant a review or new trial.

PETITION for a new trial. The petition set forth that Sarah Smith, the wife, was a creditor of the estate of James W. Hayes, of which the defendant is administrator; that the estate was represented insolvent, and that she, while a *feme sole*, exhibited the claim to the commissioners for allowance, who disallowed and rejected the same ; that at a probate court holden on the 6th of September, 1842, the report of the commissioners was accepted by the judge of probate ; and that, on the 3d of October, 1842, she filed in the probate office a claim of an appeal from the report of the commissioners, and a declaration on the demand, drawn up with legal certainty, upon which the judge of probate made an order of notice ; that she failed of obtaining notice to

be given of the appeal and to prosecute her said action to final judgment, through mistake, her counsel supposing that she would cause the notice to be given, and she relying upon him for that purpose ; that she fully intended to prosecute her appeal ; that no order of notice within any fixed time before the January term, A. D. 1843, of the court of common pleas, was made by the judge of probate ; that she intermarried with her said husband, George S. Smith, on the ——— day of January, 1844 :

Whereupon they prayed the court to grant her a new hearing and trial.

The petition was entered in the clerk's office June 29, 1844.

*Christie*, for the petitioners.

PARKER, C. J.  The appeal in this case was taken under the statute of July 2d, 1822, regulating the settlement and distribution of insolvent estates, in which, after provision for an appeal and notice, and that " the creditor may, at the court appealed to, enter his action as plaintiff against the executor or administrator," it is enacted, that " if the creditor shall fail to enter his action in manner aforesaid, or to recover judgment thereon, his demand shall be forever barred, and whatever was allowed by the commissioners shall be struck from the list of claims."  *N. H. Laws*, (*Ed.* 1830,) 362.  It is farther provided, by the same act, that there shall be no reviews of any judgment rendered on an appeal from the determination of the commissioners.  Similar provisions are incorporated into the Revised Statutes.  *Ch.* 163, § 6 *and* 10.

This case is within the express language of the act.  The claimant took an appeal, and failed to enter it at the time when it should have been entered.  The provision of the statute is express, and it was intended to bring the settlement of estates represented insolvent to a speedy close.  The case is not within the statute authorizing the court to grant reviews.  *Rev. Stat.*, *ch.* 192.  Nor within that authorizing the court to grant appeals from the decrees and orders of the judge of probate.  *Dyer* vs. *Stanwood*, 6 *N. H. Rep.* 411.  In this latter case, where the

Smith *v.* McDaniel.

appeal had by mistake been entered in the wrong court, it was suggested incidentally that the applicant might move in the common pleas to enter the appeal as of the last term, and to bring it forward for trial. That case never came before the court again, upon the question whether, by the neglect to enter at the term of the court at which it ought to have been entered, the claim was barred. Whether or not the appeal might be saved in this mode in such a case, which may be doubtful, it is clear that this petition cannot be maintained.

*Petition dismissed.*