Sheafe *v.* Sheafe.

## SHEAFE *v.* SHEAFE.

Semble that the statute giving the superior court power to grant reviews and new trials is applicable to those cases only in which the proceedings are by writ, and after the course of the common law.

The superior court have no power under that act to grant a new trial of a petition relating to divorce or alimony.

PETITION FOR A NEW TRIAL. The petitioner set forth that at a prior term he was, by a decree of this court, divorced from his wife, by reason of adultery committed by her; that she subsequently, upon her petition representing her condition as one of destitution, and that the present petitioner was possessed of a large estate, obtained a decree of this court allowing her $150 per annum, to be paid by this petitioner during her life, as and for alimony. He further set forth that the facts stated in her petition were not in fact true; that the decree founded thereon was erroneous; that she was not entitled to alimony, and that the decree ought to be reversed. Wherefore the petitioner prayed for a review and rehearing of the said petition.

*Hatch & Webster,* for the petitioner.

*W. H. Y. Hackett,* for the petitionee.

Woods, J.   We have turned our attention, in this case, to the question of the power of the court to grant a review, where a decree has been made upon a libel for a divorce. This must depend upon the provisions of chapter 192 of the Revised Statutes, relating to new trials and reviews.

Section 1 provides that " all civil actions in which judgment has been rendered in the court of common pleas or superior court, in which any issue of fact has been joined, except those in which by law a different provision is made, may be once reviewed."

Section 2 provides that " the superior court may grant a review in any other case, when it shall appear that justice has not been done, through any accident, mistake or misfortune, and that a further hearing would be just and equitable."

By section 7, " All writs of review shall be returnable in the court of common pleas, in the county where the judgment was rendered, and shall be tried upon the pleadings filed in the original action, if any, unless the court, upon such terms as they shall think reasonable, shall permit amendments to be made."

Section 8.   " The party bringing any action of review shall produce in court attested copies of the writ, pleadings, judgment and all papers used and filed at the former trial, otherwise a nonsuit shall be entered."

Sections 10, 11 and 12 relate to costs as affected by the amount of damages, debt or property recovered on the review.

In *Dickinson* v. *Davis,* 4 Mass. Rep. 520, which was a petition to the court for a new trial of a case which had been submitted to referees, under a rule entered into before a magistrate, and the report had been returned to the court of common pleas, the court held that they had no authority to grant the review asked for; that where a review is grant-

ed at all, the case must be triable on review; and in order to that, it must be commenced by a writ, containing a declaration to which a plea may be pleaded, and an issue joined and tried; and inasmuch as the proceeding was not commenced by a writ containing a demand alleged with sufficient certainty to admit of a plea and trial at law, upon an issue that could be regularly joined, the petition was dismissed.

*Borden* v. *Borden*, 7 Mass. Rep. 93, was a petition for leave to review a petition for partition of land, which had been tried and determined in the same court. The court held that reviews were provided for those cases only in which the original action was commenced by writ. " We have had frequent applications of this kind," said the court, " as well as for reviews when the judgment has been rendered upon reports of referees, pursuant to a submission before a justice of the peace; but we have uniformly refused such applications, on the ground that the laws authorizing reviews do not extend to such cases.

*Stone* v. *Davis*, 14 Mass. Rep. 360, was a petition for a review of a judgment of the court of common pleas upon an award of referees, to whom the cause had been submitted by a rule entered into by the parties before a justice of the peace. By the statute of that State on which the petitioner relied, the justices of the supreme court were vested with a discretionary power " to grant reviews in civil cases, whenever they shall judge it to be reasonable." Notwithstanding this large power and discretion in the court, and although the petitioners exhibited a strong claim in justice to a rehearing of their cause, the court held that they were without a legal remedy. " Were the proceedings brought before us," they say, " they would not show any common law action. There would be no declaration, nor plea, nor issue, nor judgment." The petition was denied.

*Pope* v. *Pope*, 4 Pick. 129, was a petition for a new trial of issues arising upon an appeal from a decree of a judge

of probate. The court say, " The causes may be as strong for giving the court power to grant a review or new trial upon petition in this case as in any other; but the statute from which our authority is derived appears to relate to trials in civil actions only. We consider this question as settled by the case of *Borden* v. *Borden.*"

*Smith* v. *McDaniel,* 15 N. H. Rep. 474, was a petition for a new trial. The petitioner had taken an appeal from the determination of a commissioner on an insolvent estate, and failed to enter his appeal at the term of court appealed to. After declaring that the case came directly within the act of July 2d, 1822, N. H. Laws, 342, (ed. of 1830,) in which it is provided that there shall be no review of any judgment rendered on an appeal from the determination of the commissioners, *Parker,* C. J., who delivered the judgment of the court, remarked : " The case is not within the act authorizing the court to grant reviews," and cited the Revised Statutes, chapter 92, which is the act now under consideration, and upon which depends the decision of the present case.

Upon considering the cases cited and the provisions of the act giving authority to this court to grant reviews, it seems to us that this case is not within its provisions, and that no authority is possessed by the court to grant the prayer of the petition. The statute of Massachusetts is similar to ours in its material provisions, as appears by the citations made ; and it has been there held from an early date, and in several cases that the action must be commenced by writ, and, in fact, must have the characteristics of a common law action, or it cannot be reviewed ; and a similar doctrine, we think, may be understood to be intimated by the chief justice in *Smith* v. *McDaniel,* before cited.

And upon looking at the statute itself, it is plain that it cannot be applied to cases like the present. By the 17th section, as we have seen, it is provided that all writs of review shall be returnable to the court of common pleas. Now

it would hardly seem probable that the Legislature intended that an action should be made returnable to a court having no jurisdiction of the cause when returned there ; which would be the case if the review here prayed for should be returned to the court of common pleas, that tribunal having no jurisdiction of divorce and alimony.

A like inference may be drawn from the provisions of the 8th section, there being, in a proceeding for a divorce, no writ, pleadings or judgment. The sections 10, 11 and 12, making the award of costs to depend upon the amount of damages, or of the property recovered on the review, as plainly show that the provisions of the statute are applicable to cases only in which debt, damages or property in specie are in controversy, which is not the case ordinarily in libels for divorce, and to cases in which costs may be recovered, which is not the case in this proceeding.

We, therefore, think it perfectly clear that the act providing for reviews and new trials, to be granted by the superior court, is not applicable to petitions relating to divorce or alimony, and that it confers no power upon the court to act upon the petition before us, and that we have no power further than to dismiss it.

*Petition dismissed.*