## PATRICK v. COWLES.

Upon an appeal from a decree of the judge of probate allowing a guardian's account, the only matters open to inquiry by the appellant are those specified in his reasons for appeal. But the appellee is not thus confined, but may, on such appeal, show error in any part of the decree and have it corrected.

In such case the original reasons for appeal may be amended in any way that does not change the nature of the claim.  The manner of stating the claim may be changed, and the grounds on which it is sought to be recovered, provided the court can see that the same thing is sought to be recovered or accomplished under the amendment as under the original reasons for appeal.

New and independent reasons for appeal cannot be assigned by way of amendment.

In such cases of appeal, neither party can claim, as a matter of right, that any question of fact that may arise shall be submitted to a jury.  But this court may, in its discretion, submit any such fact to a jury, when deemed proper.

When an auditor is appointed by this court in a case like this, to hear the evidence and report facts, he does not derive his powers from the statute providing for the appointment of auditors to state accounts between parties, nor have the parties in such case any right to try by a jury, any facts thus found by the auditor.

If either party desires a jury trial, the motion for issues should be made before the appointment of an auditor.

Sargent, J.   In this case the defendant Cowles had been guardian of one Hubbard for several years, and settled his account as guardian in the probate court in 1860; had afterwards resigned his trust, and the plaintiff was appointed in his place in 1862, who appealed from the decree of the judge of probate allowing said Cowles' account, and had filed his reasons for appeal.   After an auditor had been appointed to hear the evidence and report the facts to the court, the plaintiff moved the court for leave to amend his reasons for appeal in three particulars—the details of which are not material—and furnished the court with the amendments which he desired to have allowed.   This motion was considered by the court, and the following opinion was delivered at the July term, 1864:   "It has been settled in this State, upon an appeal from a decree of the judge of probate, allowing a guardian's account, that the only matters open to inquiry by the appellant are those specified in his reasons for appeal.   Every thing else not being objected to is presumed to be assented to by the appellant as correct.  *Bean* v. *Burleigh*, 4 N. H. 550; *Mathes* v. *Bennett*, 21 N. H. 188; *Hatch* v. *Purcell*, 21 N. H. 544; *Twitchell* v. *Smith*, 35 N. H. 48.   But it is held that the appellee is not thus confined, but may, on such appeal, show error in the decree and have it corrected.  *Twitchell* v. *Smith*, *supra*;

*Wendell* v. *French*, 19 N. H. 205. But in none of these cases was the question of amendment of the reasons for the appeal raised or considered.

But, in *Parker* v. *Gregg*, 23 N. H. 416, 426, it is held that the declaration, filed in the probate court upon appeal from a commissioner's report rejecting a claim against an insolvent estate, might be amended in the Common Pleas. *Perley, J.*, in the opinion, says : 'According to our practice it was open to inquiry before the court of common pleas, whether the demand sought to be recovered under the amended declaration was the same that was intended to be proved under the original declaration, and we must intend that this matter of fact was correctly settled when the amendment was allowed.'

We see no reason why the same rule should not be applied in this case. If, in the original reasons for appeal, any matters were insufficiently or defectively stated, so that the evidence would not apply, it might properly be amended ; and while a new or different cause of action is not admissible in a declaration by way of amendment, *Burnham* v. *Spooner*, 10 N. H. 165, *Stevenson* v. *Mudgett*, 10 N. H. 341, *Lawrence* v. *Langley*, 14 N. H. 70, still it does not follow, because the plaintiff's proof will not sustain his declaration as originally drawn, but will support it as amended, that therefore such amendment introduces a new cause of action. *Stevenson* v. *Mudgett, supra* ; *Bassett* v. *Salisbury Manufacturing Company*, 28 N. H. 452 ; *Pickering* v. *DeRochemont*, 45 N. H. 67.

Plaintiff's counsel claim that the two first amendments in this case are desired, in order to recover in another form, or by a different statement of the claim, certain sums of money which are specified in the original reasons of appeal ; and these amendments are allowed provisionally. If, when the evidence is completed, the court can see that the same thing is sought to be recovered under the amendments as was intended to be recovered in the original reasons for appeal—if the same money is claimed in the one case as in the other—it may be recovered upon the grounds stated in the amendments, though it might not be on the grounds stated in the original reasons for appeal.

The third amendment evidently introduces a new and distinct cause of action, a new reason for appeal, not stated in any form in the original reasons, and must therefore be disallowed.

---

Thereupon the case was heard by the auditor, who made his report to this court, in favor of the appellant, finding such facts as would show that defendant should be charged with several sums, of considerable amount, with which he was not charged by the judge of probate, and which were set forth in the reasons for appeal. After this report was submitted, the respondent's counsel objected to the findings of the auditor on several questions of fact, and moved the court for a new trial upon these questions by the jury or by the court.

This motion has been considered by the court and we have arrived at the following conclusions:

That, in a case like this, neither party can claim, as a matter of right, a trial by jury at any time. In this class of cases, before the adoption of our Constitution, there was an appeal from the judge of probate to the governor and council, and neither of these tribunals held trials by jury at all. Act 4, Geo. 1, Prov. Laws, p. 20 & 22; *Higbee* v. *Bacon*, 11 Pick. 423; *Stearns* v. *Fiske*, 18 Pick. 27; *Wood* v. *Stone*, 39 N. H. 575.

When, therefore, it was provided in our Constitution, Bill of Rights, Art. 20, that "in all suits between two or more persons, except in cases in which it has been otherwise used and practiced, the parties have a right to a trial by jury," it must be understood that controversies and questions of fact arising on appeal from the judge of probate, fell within the exception, as cases in which it had been otherwise used and practiced.

In the act of 1791, (N. H. Laws, 1815, 219,) provision was made for appeals from commissioners on insolvent estates, and for the trial of such claims in court, the same as in cases of appeal from the court of common pleas; and, in the act of July 2, 1822, (N. H. Laws, 1830, 274,) it is provided, "that, when, on an appeal from a judge of probate, any fact material to the cause shall be disputed, the court may direct an issue proper to try such fact, to be formed, and ascertain the same by the verdict of a jury." And the law remains the same now. Rev. Stats. ch. 170, sec. 14.

The auditor in this case was not appointed under the statute for the appointment of auditors. His duties are perhaps more like those of a master in chancery, and, though called an auditor, his powers are not derived from the statute, nor can the parties claim a trial by jury after the report of an auditor in this case as in case of an auditing of accounts under the statute. *Price* v. *Dearborn*, 34 N. H. 486; *Palmer* v. *Palmer*, 38 N. H. 420. But, under our statute, the court may in their discretion send any question of fact to a jury, as they may see proper, in appeals from the judge of probate.

But we think that the motion in this case, if addressed to the discretion of the court, comes too late. The proper time for such a motion was before the auditor was appointed. By suffering the case to go to an auditor and a full hearing to be had before him and a report to be made by him without objection, the party must be held to have waived any right he may originally have had to have moved for the selection of any different tribunal to try the facts which the auditor has found. *Price* v. *Dearborn*, 34 N. H. 487.

No legal ground is shown for setting aside the report of the auditor, or even for recommitting it. No motion of that kind is made, but the motion is for a new trial, and the only reason assigned is, that, having had one trial in the way in which similar cases are ordinarily tried, and by a tribunal designated by the court, not only without objection, but with the assent of both parties, the facts are found against the defendant,

and he wishes another trial, in the hope that some other tribunal, upon the same evidence, might find the facts differently. If new trials, either by the court or a jury, should be granted upon such grounds, we should never expect an end to litigation. If the court would ever revise the findings of an auditor on questions of fact in a case like this, no good reason is shown why they should do so in this case.

*Motion for a new trial denied.*

*Baker* and *Wheeler*, for plaintiff.

*Snow* and *Cushing*, for defendant.