RICHMOND *v.* BOWEN.

A proceeding under the bastardy act is open to review.

REVIEW, entered by the defendant, of a proceeding under the bastardy act, prosecuted by the town of Richmond, in which, upon issue joined, a judgment had been rendered. that the defendant was chargeable.   A motion to dismiss the review was denied, and the complainant excepted.

*Wheeler & Faulkner*, for the complainant, took the following posi-

tions, besides several others which are stated in the opinion of the court:

Although the language of the statute—sec. 1, ch. 215, Gen. Stats.— is broad enough to embrace proceedings under the bastardy act, and although a prosecution under this act has been held to be a civil action for certain purposes—*Marston* v. *Jenness*, 11 N. H. 156—we claim that it could not have been the intention of the legislature to grant the right of review in such cases.

The only instance in which we can find that prosecutions for bastardy have been expressly excepted from the class of cases in which the right of review was granted, is in the act of June 28, 1859, reorganizing the judiciary; and the fact that, in no instance, so far as we can learn, since the right of review was first granted (more than three fourths of a century ago), has a review of such prosecution been commenced, is a strong circumstance to show that, in the judgment of the members of the legal profession of this state, no right of review in such cases has ever existed.

The marginal note to the commissioners' report indicates that they considered the change made by sec. 1, ch. 215, material; but that note also shows that it was the change from the provisions of the Revised Statutes and the Compiled Statutes, which they considered material; and that was in allowing reviews of actions in which no issue had been joined, but where, by agreement of parties, judgment had been rendered open to review. The statute of June 28, 1859, then in force, is not referred to, and there is no indication that they regarded the proposed statute as changing the provisions then in force relating to reviews in prosecutions for bastardy.

*F. F. Lane*, for the defendant, after citing a portion of the authorities which are referred to in the opinion, made the following points:

In this case a judgment was rendered upon the verdict of a jury against Bowen; and we are unable to find any provision or decision that brings this class of cases within the exceptions of the statute as being " otherwise provided." It seems, therefore, to come within the description of cases given by the statute. It also comes within the reason and spirit of the statute, which was passed to enable suitors to have a second opportunity to correct any mistakes, errors, or oversights of a former trial, by which they might unfortunately have lost their case and their property, and to repair, if possible, the misfortune.

This class of cases has stronger reasons for giving a defendant a second trial than most cases; for it not only involves property, as with other civil suits, but it affects to a considerable degree a man's character and standing in community. A good name must be regarded by the legislature and by courts full as worthy an object to contend for as property. And the opportunities to vindicate against immoral charges should be as well secured as the right to contend for a dollar's worth of real estate.

HIBBARD, J.   The decision of this case depends upon the question, whether a proceeding under the bastardy act is a civil action within the meaning of the Gen. Stats., ch. 215, sec. 1, by which it is provided, that "civil actions in the supreme court, in which an issue has been joined and judgment rendered, except in cases otherwise provided, and such actions in which judgment has been rendered by agreement of parties open to review, may be once reviewed."

In *Marston* v. *Jenness*, 11 N. H. 156, it was decided that a proceeding under the bastardy act is a civil suit; and in *Harris* v. *County of Sullivan*, 15 N. H. 81, this decision was affirmed.   In *Little* v. *Dickinson*, 29 N. H. 56, it was reaffirmed ; and, in the opinion of the court by Judge EASTMAN, a bastardy proceeding is variously called a suit, a case, a cause, and an action, and these words are indiscriminately used as synonymous in the General Statutes, and they are synonymous so far as the question before us may be affected.   In *Stokes* v. *Sanborn*, 45 N. H. 274, 277, it is laid down by Judge BELLOWS as being settled that bastardy proceedings "are to be regarded as civil actions."   Indeed, the counsel for the complainant concede that they are civil actions when they say that "the true construction of the statute is, that it shall be understood to embrace only civil actions where the proceedings are according to the course of the common law."

In the opinion of the court in *Sheafe* v. *Sheafe*, 29 N. H. 269, this construction is sustained by Judge WOODS, whose view was that "the action must be commenced by writ, and, in fact, must have the characteristics of a common-law action, or it cannot be reviewed."   But the decision of that case was affected by a statutory provision, not now in force, relating to the return of writs of review, and it was unaffected by any statutory provision like that in the Gen. Stats., ch. 215, sec. 10, which allows "amendments of the writ, pleadings, *or other process* upon such review," apparently recognizing that there may be a review of an action which has no writ; and our conclusion is that this construction is not now the true one.   Upon such a construction, the words of the statute "except in cases otherwise provided" would be nearly destitute of force, for the only "cases otherwise provided," which we have been able to discover, are appeals under assignments for the benefit of creditors, ch. 126, sec. 27, appeals from commissioners of insolvent estates, ch. 181, sec. 11, and suits on probate bonds, ch. 187, sec. 17, in but one of which can there be any pretence that the proceedings are according to the course of the common law.   Had it been the intention of the legislature which enacted the General Statutes to give a right of review only in civil actions in which the proceedings are according to the course of the common law, it is not only probable that the right would have been thus limited in plain words, but it is quite improbable that reviews would have been expressly prohibited in appeals from assignments for the benefit of creditors and appeals from commissioners of insolvent estates, in which it manifestly could not have been understood that the proceedings are according to the course of the common law.

The difficulties, to which the counsel for the complainant has suggested that a natural construction of the words of the statute under consideration may lead, do not strike us as formidable. The inquiry was made, " Should the complainant, unsuccessful upon the first trial, review, where is her security for the indemnity which the suit is brought to recover ? " But this presents no greater difficulty than every plaintiff, who has security by attachment, encounters, when the original judgment is against him. It was further asked, " Should the defendant review, of whom and how will he recover the reasonable sum which he may have been compelled to pay to the mother for the maintenance of the child ? " But the court, for aught we are able to see, possesses the same power to order a stay of execution in a case of bastardy as in any other, unless a proper indemnity shall be given to respond to such judgment as may be rendered on review. The counsel stated that reviews have never been allowed or claimed in proceedings in equity on petitions for partition, nor upon appeals from the decision of a judge of probate approving or disapproving a will, although issues of fact are joined in all those cases. It is unnecessary to determine now whether a right of review exists in those cases or not, but we are unable to say that the legislature may not have intended that they should be open to review. Reviews, though not granted as a matter of right, are not unknown in equity cases where the facts have been found by the court without the aid of a jury, and a right of review existed by virtue of an express statute in cases of partition, from 1810 till 1829. Laws (ed. of 1815) 225, sec. 5 ; Laws (ed. of 1830) 462, sec. 9. It has been contended that the provisions of the Gen. Stats., ch. 215, secs. 11, 12, and 13, which specify the judgment to be rendered in case of an increase or reduction on review of the amount of property, debt, or damages recovered upon the original judgment, not being applicable to a case like the present, this affords a strong indication that it was not intended that a right of review should exist in such a case. This may be so, but we do not regard it as unreasonable to suppose that these sections might have been enacted in their present form, although it was understood that in some cases upon review the original judgment was incapable of increase or reduction, and must be either wholly affirmed or wholly reversed.

Our conclusion is supported by a comparison of the present with former statutes. By the act of 1855, " to remodel the judiciary system," ch. 1659, sec. 34, actions of review were abolished. By the act of 1859, " reorganizing the judiciary," ch. 2211, sec. 5, the right of review was restored in " all civil actions in which judgment shall be rendered in the supreme court, wherein any issue of fact shall have been joined, except prosecutions for bastardy, appeals from the court of common pleas, justices of the peace and police courts, probate courts, and commissioners of insolvency and suits upon probate bonds." It will be observed that the legislature deemed it expedient, in enacting this section, to make an express exception of bastardy cases, in order to avoid restoring a right of review in such cases. Subsequently, by

the act of 1862, ch. 2594, sec. 15, an additional exception was provided in the case of appeals under assignments for the benefit of creditors. These statutes were all repealed in the enactment of the General Statutes, but the exception last mentioned, and those respecting appeals from commissioners of insolvency and suits upon probate bonds, were at the same time reënacted, while those relating to prosecutions for bastardy, and to appeals from the court of common pleas, justices of the peace, and police and probate courts, were omitted. Hence it has since been decided that a review lies upon a judgment in a case appealed from a police court. *Moulton* v. *Fellows*, 51 N. H. 421. While the statute of 1859 was in force, no review could be had in such a case any more than in a case of bastardy. It follows that a right of review now exists upon appeals from justices of the peace, and the same right of review, whatever that may be, upon appeals from probate courts, that existed previous to the passage of the statute of 1859. If the court of common pleas were not abolished, appeals from that court might also now be reviewed; and our opinion is, that proceedings under the bastady act come within the letter and spirit of the statute which authorizes reviews.                                           *Exception overruled.*