BARNES *v.* ABBOTT.　　　{ MARCH 11, 1875.

Chapter 215 of the General Statutes does not give a review in an appeal from a decree of the judge of probate approving a will.

APPEAL, by Almira Barnes and others against Hiram C. Abbott, from a decree of the judge of probate, approving in common form the will of Isaac E. Merrill. The appellants are his heirs at law, and the appellee is his administrator *de bonis non.* The only issues sent down for a trial by jury were, whether the testator was of sane mind when the will was executed, and whether it was executed in the presence of three witnesses, both of which the jury found in the affirmative. The appellants gave notice of review. The appellee moved that the verdict be certified to the law term and the court, upon the ground that it had no discretionary power relating to a review, so ordered, and the appellants excepted. The appellants also entered a motion (to be considered at the law term if the foregoing exception should not be sustained) that the issues be sent back for trial on review. Judgment is to be rendered at the law term, or the case returned to the trial term for review, as the whole court shall order. The appellee may move at the law term for execution for costs of trial term if not previously adjusted.

*F. Hobbs* and *Quarles,* for the appellants.

*Copeland, Eastman,* and *Pitman,* for the appellee.

SMITH, J. We decided in December last, in the case of *Brooks* v. *Howard, ante* 69, that review does not lie in equity proceedings. The reasons that led us to that result are equally applicable to this case. This is an appeal from the probate court approving a will. Issues involving the sanity of the testator and the due execution of the will were framed in this court and sent down for trial by jury, whose verdict has been certified back to us; and a motion is now made for a new trial by jury by way of review.

It was settled in *Patrick* v. *Cowles,* 45 N. H. 555, that controversies and questions of fact arising on appeal from the judge of probate fall

within the exception in article 20 of our bill of rights, providing for trial by jury, except in cases in which it had been " otherwise used and practised." If, then, in a case like this, the court find any issue of fact with the aid of a jury, such trial is a gratuity, and furnishes no ground for claiming a second trial. If a party cannot *claim* a right of trial by jury at any time, he certainly cannot as a matter of constitutional right in review.

In *Smith* v. *McDaniel*, 15 N. H. 474, it was held that a probate appeal does not come within the statute authorizing the court to grant reviews—Rev. Stats., ch. 192, substantially identical with ch. 215, Gen. Stats. In *Sheafe* v. *Sheafe*, 29 N. H. 269, Woods, J., reviews the cases in Massachusetts, where the statute in regard to reviews is similar to ours in its material provisions. It has been held in that state from an early date that the action must be commenced by writ, and in fact must have the characteristics of a common-law action, or it cannot be reviewed; and Judge Woods adds,—" A similar doctrine we think may be understood to be intimated by the chief justice in *Smith* v. *McDaniel*," *supra;* although in *Richmond* v. *Bowen*, 54 N. H. 99, the correctness of this remark was questioned, if not overruled.

The right of review exists, and is regulated wholly by statute. Gen. Stats., ch. 215. It provides that there shall be no review until after a judgment is rendered. The decisions of probate courts are never spoken of as judgments, but are uniformly called decrees both in the statutes and in common speech. Section 11 regulates costs in case the amount of " property, debt, or damages " recovered on review is increased or diminished,—language wholly inapplicable to an appeal of this sort.

Section 3 contemplates that a writ of review or order of notice may issue as a matter of right, but neither a writ nor such an order is applicable to such a proceeding as this. Section 10, in relation to amendments, and section 14, in relation to stay of execution, would seem to relate exclusively to suits at law.

Cases involving the execution of wills are generally warmly contested, and often involve large interests. If it had been the intention of the legislature that review should lie in such a case, it can hardly be supposed it would have left the matter to be ascertained by inference from provisions of the statute (ch. 215) so clearly applicable to suits at law, and so inapplicable to probate appeals.

That parties may have a speedy trial and settlement in cases of this sort is probably a controlling reason why provision was made in the constitution for appeals from the probate court to this court. It is certainly of the highest importance that the question of the due execution of a will should be determined speedily for the protection of all interested in the estate, which must of necessity remain practically at a standstill until that question can be determined.

The recent decision of *Brooks* v. *Howard*, *supra*, renders it unnecessary to discuss this matter at length. I am clear that review does not lie in a proceeding of this sort.

LADD, J.  We have lately held in *Brooks* v. *Howard, ante* 69, that the statute does not give a review in equity proceedings.  The reasons which brought us to that conclusion are equally applicable in the present case, while others have been suggested by Mr. Copeland in argument, which, as it seems to me, do not admit of answer.  I am of opinion the case does not come within the meaning and intent of the statute, which gives a review as matter of right.

CUSHING, C. J., concurred.                    *Motion denied.*