Belknap
No. 2009-519

JUNE FAVAZZA

v.

DAVID BRALEY & a.

Argued: February 17, 2010
Opinion Issued: June 3, 2010

*Darrin R. Brown*, of Concord, on the brief and orally, for the appellant.

*Seufert Professional Association*, of Franklin (*Christopher J. Seufert* on the brief and orally), for the appellees.

DUGGAN, J. The appellant/landlord, June Favazza, appeals an order of the Superior Court (*Mohl*, J.) dismissing her petition for a new trial. We affirm.

Appellee/tenant David Braley rented an apartment in Laconia from the landlord in November 2008. Shortly after moving into the apartment with appellee Catherine Ellis, the tenant filed an action under RSA chapter 540-A in Laconia District Court, alleging that he was wrongfully evicted without judicial process because the landlord locked him out. He also claimed that, while he was living there, the landlord removed his property from the apartment and locked it in a garage she owned. Following four days of hearings, the Trial Court (*Huot*, J.) found that the tenant did not unequivocally give notice to the landlord of his intent to move out, and that the landlord "distrained" his belongings from January 4, 2009, until February 14, 2009, in violation of RSA 540-A:3, III (2007). The trial court entered a judgment for the tenant in the amount of $41,000.

The landlord filed a motion for reconsideration, which the district court denied. Although she then filed a notice of intent to appeal to the New Hampshire Supreme Court, she failed to file the appeal. Instead, she

petitioned the Belknap County Superior Court for a new trial pursuant to RSA chapter 526, arguing that the tenant and Ellis perjured themselves on material issues during the district court proceedings, the tenant presented the court with a forged lease agreement, and Ellis threatened a witness that he would lose his job if he testified. The tenant's motion to dismiss the petition was granted, and this appeal followed.

Relying upon the language of RSA 526:1, the landlord argues the superior court is authorized to grant a new trial in all cases, including landlord-tenant matters originally tried in district court. We disagree, and hold that a party cannot petition for a new trial in the superior court pursuant to RSA 526:1 when the case originated in the district court.

To resolve this issue we must construe RSA 526:1. "The interpretation of a statute is a question of law, which we review *de novo.*" *Zorn v. Demetri*, 158 N.H. 437, 438 (2009). In matters of statutory interpretation, we are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole. *Id.* When construing its meaning, we first examine the language found in the statute, and where possible, we ascribe the plain and ordinary meanings to the words used. *Simpson v. Young*, 153 N.H. 471, 475 (2006). When statutory language is ambiguous, however, we will consider legislative history, *see Prof'l Firefighters of N.H. v. Local Gov't Ctr.*, 159 N.H. 699, 703 (2010), and examine the statute's overall objective and presume that the legislature would not pass an act that would lead to an absurd or illogical result. *Simpson*, 153 N.H. at 475. We interpret statutory provisions in the context of the overall statutory scheme. *See Appeal of Pennichuck Water Works*, 160 N.H. 18, 27 (2010).

RSA 526:1 provides that "[a] new trial may be granted in any case when through accident, mistake or misfortune justice has not been done and a further hearing would be equitable." This section is ambiguous because the phrase "any case" does not specify whether the original case must have been first tried in the superior court, or could have been first tried in the district court. Because there is more than one reasonable interpretation of the statute, we look to the legislative history of RSA 526:1. *See Prof'l Firefighters*, 159 N.H. at 703.

The legislative history of RSA 526:1 supports our conclusion that it was not intended to permit new trials in the superior court when the case originated in the district court. The right to petition for a new trial has continuously existed in our laws, in one form or another, since 1842, when it was codified in RS 192:2. When RS 192:2 was first enacted, there were no district courts in the state, and all new trials were granted in cases that were originally tried in the superior court. *Cf. Sheafe v. Sheafe*, 29 N.H. 269, 270, 272-73 (1854) (act providing for new trials to be granted in superior

court not applicable where superior court did not have original jurisdiction over subject matter). Because there were no district courts in the state when RS 192:2 was enacted, the legislature could not have intended it to apply to cases originating in the district court. When the legislature created the district courts in 1963, *see* RSA ch. 502-A (1997 & Supp. 2009), it did not amend RSA 526:1 to apply it to cases that originated in the district courts. Thus, the scope of RSA 526:1 was not expanded to allow the superior court to review decisions of the district courts.

■ This conclusion is further supported by an examination of the remainder of RSA chapter 526. *Pennichuck*, 160 N.H. at 27. RSA 526:2 provides that petitions for new trial "may be presented to the superior court in the county where the judgment was rendered." RSA 526:5 further provides that when "a new trial is granted the action shall be brought forward on the docket of the court, and shall be tried as if no judgment had been rendered therein." Read in conjunction with RSA 526:2, the word "court" in RSA 526:5 refers to the superior court. Thus, the original case must have been heard in the superior court; otherwise, when the probate or district court has exclusive jurisdiction, RSA 526:5 would transfer the matter to the superior court despite its lack of jurisdiction. As we held in *Sheafe*, "it would hardly seem probable that the Legislature intended that an action should be made returnable to a court having no jurisdiction of the cause when returned there." *Sheafe*, 29 N.H. at 273. This demonstrates that the phrase "any case" in RSA 526:1 was not intended to mean literally "any case," but, rather, "any case *in superior court*."

■ In addition, it is a well settled rule of statutory construction that in the case of conflicting statutory provisions, the specific statute controls over the general statute. *See Appeal of Plantier*, 126 N.H. 500, 510 (1985). The landlord's argument that the superior court may grant a new trial following the trial of a landlord-tenant dispute in the district court ignores the specific statutory scheme set forth in RSA chapter 540-A (2007). RSA 540-A:2 provides that "[n]o landlord shall willfully violate a tenant's right to quiet enjoyment of his tenancy or attempt to circumvent lawful procedures for eviction." The district courts have concurrent jurisdiction with the superior court over matters brought pursuant to RSA 540-A:2. *See* RSA 540-A:4, I. Following a trial in the district court, a party in an RSA chapter 540-A case may appeal questions of law to the supreme court. *See* RSA 540-A:4, V. Thus, RSA chapter 540-A has a specific mechanism for review. To the extent that RSA chapter 526 conflicts with RSA chapter 540-A, RSA chapter 540-A specifically governs subsequent review, and, thus, controls. *Plantier*, 126 N.H. at 510.

The landlord's argument would require us to interpret the phase "any case" as granting the superior court the authority to grant a new trial in all cases tried in the district, family, and probate courts. This is inconsistent with the overall statutory scheme, which delineates specific situations in which the superior court has the authority to conduct *de novo* appeals from the district court.

For example, pursuant to RSA 599:1 (Supp. 2009), "[a] person convicted by a district court of a class A misdemeanor, at the time the sentence is declared, may appeal therefrom to obtain a *de novo* jury trial in the superior court." "If, after a jury trial in the superior court, the defendant is found guilty, the superior court shall sentence the defendant, and the defendant may appeal questions of law arising therefrom to the supreme court." RSA 599:1. Similarly, RSA chapter 169-C (2002 & Supp. 2009) provides that the district court has exclusive jurisdiction over all proceedings alleging the abuse or neglect of a child. RSA 169-C:4, I; 169-C:3, IX. Pursuant to RSA 169-C:28, I, however, appeals of such proceedings "may be taken to the superior court," which "shall hear the matter *de novo.*" By contrast, to the extent that RSA chapter 526 is ambiguous, these statutes demonstrate a legislative intent to provide limited exceptions to the general rule prohibiting review of the district court's decisions by the superior court.

The landlord's interpretation of RSA 526:1 would confer upon the superior courts unprecedented review of district, probate, and family court decisions. It is easy to imagine that cases like this one, where, as the trial court noted, the facts were "contested, hotly, to include claims of lying, forgery and all manner of turpitude," disgruntled litigants could first appeal to the supreme court and then move for a new trial in the superior court under RSA 526:1. This would encourage litigants to "forum shop" until they found a tribunal that was sympathetic to their argument. Although many such motions for new trial would likely not be meritorious, the superior court would be required to review each petition.

■ Finally, we note that in *Sylvain v. Estate of Sylvain*, 117 N.H. 546 (1977), the plaintiff filed a motion for a new trial in the superior court following a trial in the probate court. We did not, however, decide in *Sylvain* whether RSA chapter 526 authorized the superior court to review a probate court's decision. The superior court's jurisdiction was neither challenged nor appealed. By contrast, it is our well-established practice that RSA chapter 526 allows the superior court to review its own judgments but not those of other courts. *See, e.g., State v. Looney*, 154 N.H. 801, 802 (2007); *State v. Bader*, 148 N.H. 265, 282 (2002), *cert. denied*, 538 U.S. 1014 (2003); *Hodgdon v. Weeks Mem. Hosp.*, 128 N.H. 366, 368 (1986). Thus, to agree

with the landlord in this case would be a novel departure from the current appellate system in place in this state.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, HICKS and CONBOY, JJ., concurred.