NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

6th Circuit Court-Hooksett District Division
No. 2015-0108


FEDERAL HOME LOAN MORTGAGE CORPORATION

v.

MICHELLE WILLETTE

Submitted: November 10, 2015
Opinion Issued: January 12, 2016


Harmon Law Offices, P.C., of Newton Highlands, Massachusetts (Amie DiGiampaolo on the memorandum of law), for the plaintiff.


Stephen W. Wight, of Lawrence, Massachusetts, by brief, for the defendant.


DALIANIS, C.J. The defendant, Michelle Willette (Willette), appeals a decision of the 6th Circuit Court-Hooksett District Division (Spath, J.), issuing a writ of possession in favor of the plaintiff, Federal Home Loan Mortgage Corporation (Freddie Mac). On appeal, Willette argues that the district division erred in issuing the writ of possession because: (1) it lacked jurisdiction over the possessory action; and (2) Freddie Mac failed to obtain judgment pertaining to its possessory action in both the superior court and the federal district court. We affirm.

The record establishes the following facts.  In February 2013, Freddie Mac purchased, through a foreclosure sale, Willette's real property located in Pembroke.  Freddie Mac subsequently filed a landlord and tenant writ in the district division seeking possession of the premises.  After a hearing, Willette filed the required recognizance with the district division and then filed a title action in superior court.

In April 2014, Freddie Mac removed the title action from the superior court to the federal district court.  The federal district court granted Freddie Mac's motion to dismiss Willette's title action.  Afterward, Freddie Mac filed a motion in superior court for the issuance of a writ of possession, which was denied.

Freddie Mac then requested a hearing in the district division on the merits of its possessory action.  At the hearing, Willette argued that the district division lacked jurisdiction to issue a writ of possession.  The district division disagreed and issued the writ.  This appeal followed.

We first address whether the district division had jurisdiction to issue the writ of possession.  "The ultimate determination as to whether the district division had jurisdiction in this case is a question of law, subject to de novo review."  Friedline v. Roe, 166 N.H. 264, 266 (2014).  "In order to answer this question, we need to engage in statutory interpretation."  Id.  "In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole."  Petition of Eskeland, 166 N.H. 554, 558 (2014) (quotation omitted).  "We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning."  Id. (quotation omitted).  "We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include."  Id. (quotation omitted).  "Moreover, we do not consider words and phrases in isolation, but rather within the context of the statute as a whole."  Id. (quotation omitted).

"The district division of the circuit court is a court of limited jurisdiction with powers conferred upon it by statute."  Friedline, 166 N.H. at 266.  The district division "has the power to entertain possessory actions under RSA chapter 540."  Id.; see RSA ch. 540 (2007 & Supp. 2015).  However, "it does not have jurisdiction to resolve issues of title or actions in equity."  Friedline, 166 N.H. at 266.

RSA 540:17 and :18 (2007) set forth the procedures the district division must follow when a defendant raises an issue of title.  Id.  RSA 540:17 states:

> If the defendant shall plead a plea which may bring in
> question the title to the demanded premises [s]he shall forthwith

recognize to the plaintiff, with sufficient sureties, in such sum as the court shall order, to enter [her] action in the superior court for the court at the next return day, and to prosecute [her] action in said court, and to pay all rent then due or which shall become due pending the action, and the damages and costs which may be awarded against [her].

RSA 540:18 states:

After the filing of such plea and the entry of such recognizance no further proceedings shall be had before the [circuit] court, but the action may be entered and prosecuted in the superior court in the same manner as if it were originally begun there.

See also Friedline, 166 N.H. at 266-67.

"The filing of a plea of title in the district division does not immediately halt the possessory proceedings." Id. at 267. However, "[w]hen the plea of title is raised in the district division and the defendant files such recognizance as ordered by the court, the possessory action in the district division is stayed." Id. "If the defendant fails to enter [her] action in the superior court, then the possessory proceedings in the district division may resume." Id.

Willette argues, however, that, after she filed the recognizance required by the district division and brought her title action in superior court, the language in RSA 540:18 — "no further proceedings shall be had before" the district division — means that the district division no longer had jurisdiction over Freddie Mac's possessory action. Freddie Mac argues that Willette's title action merely stayed the district division's ability to act upon the writ of possession, and once the federal district court dismissed Willette's action, the district division had jurisdiction to resolve the issue of possession.

There is no dispute that, before Willette filed her title action, the district division had the jurisdiction to issue a writ of possession pursuant to RSA chapter 540. See Friedline, 166 N.H. at 266. Thus, the issue is whether the procedures contained in RSA 540:17 and :18 indicate an intent by the legislature to deprive the district division of that jurisdiction once Willette filed her title action. We hold that they do not.

We are not persuaded that the language in RSA 540:18, that "no further proceedings shall be had before" the district division, means that, once a title action is filed in superior court, the legislature intended the district division's jurisdiction over the possessory action to be extinguished. Under Willette's interpretation, RSA 540:18 vests exclusive jurisdiction over the issuance of a writ of possession in the superior court, but only in circumstances in which a

defendant files a title action. Such an interpretation is not supported by the plain language of the statutes. Had the legislature wanted to grant exclusive jurisdiction to a particular court under such circumstances it could have done so. See, e.g., RSA 502-A:14, I (2010). Thus, we interpret the "no further proceedings" language as serving to ensure that the district division does not rule upon the title action, which is beyond its jurisdiction, or proceed with the possessory action until the title action is resolved in the superior court or, as in this case, the federal district court following removal. Accordingly, we hold that, in this case, after the title action was resolved, RSA 540:18 did not prevent the district division from acting upon Freddie Mac's possessory action.

Willette next argues that the district division erred because "as a matter of record, the parties agreed to transfer the case to the Superior Court in order to reach a final resolution of the case; including the issue of possession." Her argument misstates the record.

Willette's title action was not "transferred" to the superior court. When she first raised the issue of title in the district division, she filed a motion to have the matter transferred to superior court, which the court granted. In a subsequent order, the district division clarified that it had granted the motion in error, explaining that "if the defendant still wishes to file a plea of title action, she must do so as a new separate filing with [the] Superior Court." (Emphasis added.) This was consistent with our interpretation of RSA 540:17, which does not require "the district division . . . to transfer or otherwise enter the action in superior court" but, rather, "places the burden to institute the action in the superior court on the defendant." Friedline, 166 N.H. at 267.

Additionally, there is no support for Willette's assertion that Freddie Mac's possessory action was transferred to superior court or otherwise consolidated with her title action. After Willette filed her action in the superior court, Freddie Mac removed it to federal court and then successfully moved to dismiss it. In its order dismissing Willette's title action, the federal district court order makes no mention of the possessory action. Further, after the dismissal, Freddie Mac filed in the superior court a motion for the issuance of a writ of possession before seeking the same relief in the district division. Willette objected, specifically acknowledging that the possessory action "was not ultimately transferred to the Superior Court" and "the issuance of a writ of possession . . . was not an issue to be adjudicated by [the superior] court." The superior court agreed and denied Freddie Mac's motion. Therefore, the record does not support Willette's assertion that Freddie Mac's possessory action was transferred to the superior court with her title action.

Willette also argues that the district division did not retain jurisdiction over the possessory action because, in her title action, she requested that the superior court "[e]njoin any further possessory action against [her] in this matter." However, she has not provided, as part of the appellate record, a

4

superior court order granting her request, and we are not persuaded that Willette's request for relief, standing alone, deprived the district division of jurisdiction over Freddie Mac's possessory action.

Willette next argues that the federal court's dismissal of her title action "is fatal" to Freddie Mac's ability to obtain a writ of possession in the district division. This argument, however, relies upon Willette's assumption that the possessory action was transferred to superior court, which as explained above, the record does not support. Therefore, we need not address it.

Finally, Willette argues that: (1) Freddie Mac waived its right to obtain judgment on the possessory action because it failed to obtain a judgment prior to removing the action to federal court; and (2) Freddie Mac engaged in improper "forum shopping" by requesting the writ of possession from the district division after having its motion for issuance of a writ of possession denied in superior court. We conclude that these arguments do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.