NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Rockingham
No. 2015-0485


THE BANK OF NEW YORK MELLON, AS TRUSTEE

v.

EUGENE DOWGIERT

Argued: March 8, 2016
Opinion Issued: June 28, 2016


Haughey, Philpot & Laurent, P.A., of Laconia (Christopher J. Fischer on the brief and orally), for the plaintiff.


The Law Offices of Martin & Hipple, PLLC, of Concord (Stephen T. Martin on the brief and orally), for the defendant.


HICKS, J. The defendant, Eugene Dowgiert, appeals an order of the Superior Court (Delker, J.) dismissing his plea of title, which he filed in response to a possessory action brought in the circuit court by the plaintiff, the Bank of New York Mellon (bank), as Trustee. We consider whether the court erred in ruling that the plea is time-barred under RSA 479:25, II (Supp. 2015) and RSA 479:25, II-a (2013). We hold that it did not, and, accordingly, affirm.

Dowgiert's pleadings include, or the record supports, the following facts. In 2005, Dowgiert refinanced a mortgage loan on his home with Decision One

Mortgage Company, LLC (Decision One). Dowgiert gave a promissory note to Decision One and a mortgage to Mortgage Electronic Registration Systems (MERS) as nominee of Decision One. In 2007, Decision One ceased to exist. In 2011, MERS assigned the mortgage to the bank. Dowgiert defaulted on the mortgage, and, on or around September 3, 2013, the bank foreclosed on the mortgage and purchased Dowgiert's property at the foreclosure sale. On or around September 25, 2013, the bank filed the foreclosure deed with the Rockingham County Registry of Deeds. During this time, Dowgiert was incarcerated and did not receive notice of the foreclosure. Accordingly, he failed to petition the superior court for an order enjoining the foreclosure prior to the sale.

In July 2014, the bank filed a possessory action in the circuit court to remove Dowgiert from the property. Dowgiert, as a self-represented party, filed a plea of title asserting that the bank did not have the authority to foreclose on the mortgage and that, therefore, the foreclosure was invalid. Pursuant to RSA 540:17 (2007), the court ordered Dowgiert to file his plea in the superior court "by the first Tuesday in October, 2014." From the record, it appears that Dowgiert failed to do so. More than a week after the deadline, on October 16, the bank moved in the circuit court for judgment in its favor. Dowgiert failed to object, and the court granted the motion.

More than a month later, on November 21, Dowgiert, represented by counsel, moved in the circuit court for an order vacating the judgment and allowing him two weeks to file his plea of title in the superior court. The court held a hearing on the motion and determined that, "[u]nder a totality of the circumstances, and after consideration of all arguments," the motion should be granted. The court ordered Dowgiert to file his plea in the superior court by the "first Tuesday in May 2015."

Dowgiert filed his plea of title in the superior court on April 24, 2015. In it, he alleged that the bank did not have the authority to foreclose on his property. Specifically, he asserted that the bank had lacked legal title to the mortgage because: (1) "Decision One ceased to exist prior to the assignment and purported negotiation of the Note"; (2) "the Mortgage assignment was three years late, thereby not conforming with" certain deadlines in the Pooling and Service Agreement (PSA); (3) the "Note [was not] transferred through [the] specific assignment chain" required by the PSA; and (4) there was no evidence that the bank possessed the "original 'blue-ink' note at the time of foreclosure." Dowgiert also alleged that he had not received notice of the foreclosure because he had been incarcerated; thus, "he could not [have filed] a petition to enjoin the [foreclosure] prior to the [sale]." When Dowgiert filed his plea in the superior court, nearly one year and eight months had elapsed since the bank purchased the property at the foreclosure sale, and nearly one year and seven months had elapsed since the bank recorded the foreclosure deed. The bank moved to dismiss Dowgiert's plea, arguing that it was time-barred.

2

The court granted the bank's motion. It ruled that the claims in the plea concerning the bank's title to the mortgage are barred under RSA 479:25, II because Dowgiert failed to bring them prior to the foreclosure sale. The court also ruled that, because Dowgiert did not bring his claim about the foreclosure notice "within a year and a day of the recording of the foreclosure deed," it is barred under RSA 479:25, II-a. Dowgiert appealed.

In reviewing the court's grant of the motion to dismiss, our standard of review is whether the allegations in Dowgiert's pleadings are reasonably susceptible of a construction that would permit recovery. See Plaisted v. LaBrie, 165 N.H. 194, 195 (2013). We assume that Dowgiert's pleadings are true and construe all reasonable inferences in the light most favorable to him. See id. We then engage in a threshold inquiry that tests the facts in the pleadings against the applicable law, and if the allegations constitute a basis for legal relief, we must hold that it was improper to grant the motion to dismiss. Id.

To resolve the issues before us, we must engage in statutory interpretation. The interpretation of a statute is a question of law, which we review de novo. Favazza v. Braley, 160 N.H. 349, 351 (2010). In matters of statutory interpretation, we are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole. Id. In construing its meaning, we first examine the language found in the statute, and when possible, we ascribe the plain and ordinary meanings to the words used. Id. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Strike Four v. Nissan N. Am., 164 N.H. 729, 735 (2013). We interpret statutory provisions in the context of the overall statutory scheme. Favazza, 160 N.H. at 351. Absent an ambiguity, we will not look beyond the language of the statute to discern legislative intent. See New Hampshire Health Care Assoc. v. Governor, 161 N.H. 378, 385 (2011).

Dowgiert's principal argument is that RSA 479:25, II and II-a do not apply to his plea of title. RSA 479:25 sets forth the procedures for mortgage foreclosure through the power of sale. See RSA 479:25 (Supp. 2015). Those procedures require, among other things, that the foreclosing party give notice of the foreclosure to the mortgagor. See RSA 479:25, I. RSA 479:25, II requires that notice be "served upon the mortgagor or sent by registered or certified mail to his last known address . . . at least 25 days before the [foreclosure] sale." RSA 479:25, II. The statute also requires that, in the notice, the foreclosing party advise the mortgagor of his right to "petition the superior court . . . to enjoin the scheduled foreclosure sale." Id. (quotation omitted).

The statute establishes a timeframe for the mortgagor to exercise his right to petition the superior court. The mortgagor must "institute such

3

petition . . . <u>prior to sale</u>." <u>Id</u>. (emphasis added).  Failure to do so "shall thereafter <u>bar any action or right of action</u> of the mortgagor based on the validity of the foreclosure." <u>Id</u>. (emphasis added).  A separate time limitation applies to any challenge to the foreclosure notice.  RSA 479:25, II-a states that "[n]o claim challenging the form of notice, manner of giving notice, or the conduct of the foreclosure sale shall be brought by the mortgagor . . . <u>after one year and one day</u> from the date of the recording of the foreclosure deed for such sale."  RSA 479:25, II-a (emphases added).

Dowgiert argues that his plea is not "an action, right of action, or claim — all of which would be barred by" RSA 479:25, II or II-a.  Instead, he contends, the plea is a "defense," and, as such, the statutory limitations periods do not apply.  Dowgiert further argues that, generally, statutes of limitation or repose, such as RSA 479:25, II and II-a, do not apply to defenses.  Thus, Dowgiert asserts, the trial court "erred by dismissing [his] Plea of Title."

We hold that Dowgiert's plea is an "action or right of action," RSA 479:25, II, not a defense, and, therefore, RSA 479:25, II applies to the plea to the extent that, in the plea, Dowgiert challenges the bank's authority to foreclose.  RSA 540:17 and :18 (2007) set forth the procedures that the circuit court must follow when a defendant raises an issue of title in a plaintiff's circuit court action.  <u>Friedline v. Roe</u>, 166 N.H. 264, 266 (2014).  RSA 540:17 specifically addresses the plea of title:

> If the defendant shall plead a plea which may bring in question the title to the demanded premises he shall forthwith recognize to the plaintiff, with sufficient sureties, in such sum as the court shall order, to enter <u>his action</u> in the superior court for the county at the next return day, and to prosecute <u>his action</u> in said court, and to pay all rent then due or which shall become due pending <u>the action</u>, and the damages and costs which may be awarded against him.

RSA 540:17 (emphases added).  Even though the statute sets forth the procedure by which a plea of title may be filed in response to a circuit court action, the legislature did not characterize the plea as a defense.  The legislature instead characterized it as a separate "action" that the defendant must "enter . . . and . . . prosecute" in the superior court.  <u>Id</u>.; <u>see</u> <u>Fed. Home Loan Mortg. Corp. v. Willette</u>, 168 N.H. ___, ___ (decided Jan. 12, 2016) ("RSA 540:17 . . . places the burden to institute the action in the superior court on the defendant." (quotation omitted)).  Dowgiert's plea is therefore an action, not a defense.  Because, in the plea, Dowgiert challenges the bank's authority to foreclose, RSA 479:25, II applies; the statute bars a mortgagor from bringing, after the foreclosure sale, "any action or right of action . . . based on the validity of the foreclosure."

4

We further hold that RSA 479:25, II-a applies to the contention in Dowgiert's plea that the foreclosure notice was inadequate because he did not receive it while he was incarcerated. This contention is a "claim challenging the form of notice" or the "manner of giving notice" under the statute, and, thus, it applies.[*] RSA 479:25, II-a.

Dowgiert filed his plea in the superior court in April 2015 — after the September 2013 foreclosure sale, and more than one year and one day after the bank recorded the foreclosure deed in September 2013. Because Dowgiert failed to file his plea within either of the statutory timeframes set forth in RSA 479:25, II and II-a, the trial court correctly ruled that the plea is time-barred.

To conclude otherwise would permit an "end-run" around the statutes — a result that the legislature could not have intended. See Appeal of Town of Salem, 168 N.H. ___, ___ (decided Feb. 18, 2016) (interpreting a statute to preclude a common law right of action that would have otherwise allowed parties to "create an end-run around [a] legislative grant of exclusive enforcement jurisdiction"). Under Dowgiert's interpretation, even a mortgagor with notice could wait until well after the sale to challenge the foreclosure in an action filed in response to a possessory action. The mortgagor could also wait to challenge the foreclosure notice in that same action even if more than a year and a day had passed since the recording of the foreclosure deed. Given that the statutes unambiguously set forth timeframes after which these types of "action[s]" and "claim[s]" are barred, the legislature could not have intended for a mortgagor to elude the timeframes merely by characterizing the same types of actions and claims as "defenses" against the possessory action of the owner after foreclosure. RSA 479:25, II, II-a.

Dowgiert next argues that, even if the statutory time limitations apply, he complied with RSA 479:25, II-a with respect to his notice claim because he raised that claim in the plea of title that he filed in the circuit court "more than one month before the limitations period ran." According to Dowgiert, "filing a Plea of Title in the [circuit court] before [RSA 479:25, II-a's] limitation[s] period expires is sufficient to preserve a defendant's right to defend a possessory action . . . even if the possessory action is not transferred to Superior Court until after [RSA 479:25, II-a's] limitations period expires."

We disagree. Generally, a limitations period does not toll until a party files his action in a court of competent jurisdiction. See Jackson v. Astrue, 506 F.3d 1349, 1358 (11th Cir. 2007) (citing several cases in which the court has held that "filing in a court without competent jurisdiction did not toll the

---

[*] We reject Dowgiert's argument that his plea was not barred under RSA 479:25, II because he did not receive notice of the foreclosure while he was incarcerated. This argument is a restatement of Dowgiert's claim that the foreclosure notice was inadequate, which, we conclude, is barred under RSA 479:25, II-a.

[relevant] statute of limitations" (quotation omitted)).  Here, the circuit court is not the court of competent jurisdiction over Dowgiert's plea because "it does not have jurisdiction to resolve issues of title," which issues "must be resolved in superior court."  Friedline, 166 N.H. at 266, 267 (quotation omitted).  Thus, RSA 479:25, II-a could not have been tolled until Dowgiert filed his plea in the superior court, which he did in April 2015 — months after the limitations period had expired upon the foreclosure sale.

Dowgiert asserts that, "because filing the Plea of Title in Superior Court[] acts to transfer the possessory action to Superior Court as if originally brought there, the initial filing date of the Plea of Title in the [circuit court] should control."  This assertion mischaracterizes the relevant procedural law.  When a defendant raises a plea of title and "files such recognizance as ordered by the [circuit] court, the [plaintiff's] possessory action in the [circuit court] is stayed."  Willette, 168 N.H. at ___ (quotation omitted).  And, "[i]f the defendant fails to enter [his] action in the superior court, then the possessory proceedings in the [circuit court] may resume."  Id. (quotation omitted).  "RSA 540:17 . . . does not require the [circuit court] to transfer or otherwise enter the action in superior court but, rather, places the burden to institute the action in the superior court on the defendant."  Id. (quotations and ellipsis omitted) (emphasis added).  Thus, when Dowgiert filed his plea of title in the superior court, the bank's possessory action remained in the circuit court.  The possessory action was not, as Dowgiert contends, transferred to the superior court.

Dowgiert also misinterprets the phrase "as if [the action] were originally begun there."  RSA 540:18 states that, "[a]fter the filing of such plea and the entry of such recognizance no further proceedings shall be had before the [circuit] court, but the action may be entered and prosecuted in the superior court in the same manner as if it were originally begun there."  Id. (emphases added).  Implicit in Dowgiert's argument is the notion that "action" in RSA 540:18 refers to the same "action" as that in RSA 540:17 — the plea of title.

However, the plain language of RSA 540:18 shows that "action" refers instead to the plaintiff's possessory action.  RSA 540:18 contains three provisions relating to the filing of title claims.  The first is the "filing of such plea and the entry of such recognizance" in the superior court.  RSA 540:18.  Then, "[a]fter the filing" of the plea of title, "no further proceedings shall be had before the [circuit court]."  Id.  Finally, RSA 540:18 states that, even though the circuit court proceedings have halted, "the action may be entered and prosecuted in the superior court."  Id. (emphasis added).  Because, under the statute, the defendant must have already filed the plea of title in the superior court before the opportunity to enter and prosecute the "action" arises, the "action" cannot be the same as the "plea."  Rather, it must refer to the possessory action.  Id.  Given the statutory framework, we conclude that the legislature could not have intended for "action" to refer to the defendant's plea of title.

6

Moreover, the provisions of RSA 540:18 must be read in conjunction with the provisions of RSA 540:17. Under RSA 540:17, the "action" must be entered and prosecuted in the superior court after the defendant "plead[s] a plea which may bring in question the title to the demanded premises" in the circuit court. RSA 540:17. In contrast, under RSA 540:18, the "action may be entered and prosecuted . . . in the same manner as if it were originally begun" in the superior court. RSA 540:18 (emphasis added); cf. Appeal of Coos County Comm'rs, 166 N.H. 379, 386 (2014) ("The general rule of statutory construction is that the word 'may' makes enforcement of a statute permissive and that the word 'shall' requires mandatory enforcement." (quotation omitted)). Because filing the "action" in the superior court under one statute is mandatory and filing the "action" under the other statute is not, the statutes must refer to different proceedings.

Moreover, RSA 540:18 states that, after the defendant files the plea and enters recognizance, "no further proceedings shall be had before the [circuit court]." RSA 540:18. Once proceedings have been stayed in the circuit court, one of two things could occur concerning the possessory action. Either the possessory action could remain stayed in the circuit court pending the outcome of the superior court's adjudication of the plea of title, see Willette, 168 N.H. at ___, or the possessory action "may be entered and prosecuted . . . in the same manner as if it were originally begun" in the superior court, RSA 540:18, and the superior court could consolidate and adjudicate the plea and the possessory action in one proceeding. Cf. Gibson v. LaClair, 135 N.H. 129, 130 (1991) (reversing on other grounds an order of the superior court "granting a writ of possession in favor of the plaintiff" after the plaintiff's "underlying eviction action" was "removed to the superior court when the defendant entered a plea of title"). Because, under the statutory scheme, the possessory action may be adjudicated in either the superior or the circuit court, the "action" that "may be entered and prosecuted in the superior court" under RSA 540:18 must be the possessory action. RSA 540:18 (emphasis added).

Accordingly, we reject Dowgiert's argument that "the initial filing date of the Plea of Title in the [circuit court] should control."

Because Dowgiert failed to file his plea of title in the superior court within the timeframes set forth in RSA 479:25, II and II-a, the plea is not reasonably susceptible of a construction that would permit recovery. See Plaisted, 165 N.H. at 195. We therefore affirm the trial court's dismissal.

Affirmed.

DALIANIS, C.J., and CONBOY, LYNN, and BASSETT, JJ., concurred.

7