Grafton,
Apr. 3, 1951. } No. 4018.

WALTER J. MOORE & a. *v.* WALLACE HILL.

*Joseph Moore* (by brief and orally), for the plaintiffs.

*John F. Cronin* and *Richard F. Upton* (*Mr. Upton* orally), for the defendant.

KENISON, J. The first question raised in this summary proceeding is whether three of four owners of property can give a valid notice under the Landlord and Tenant Act without the consent of the fourth. While the authorities are in conflict on this point, it has been decided in this state that it cannot be done. *Pickard* v. *Perley,* 45 N. H. 188, 195. "A notice to quit, given by two of three joint lessors, will not terminate the entire tenancy so as to enable the three to maintain summary proceedings under the Landlord and Tenant Act." Hening's Digest 905; Justice and Sheriff, (1888) 241; *Cook* v. *Hollyday,* 186 Md. 42. The rule that some of the tenants in common cannot maintain summary proceedings against a tenant of the whole premises is subject to one exception. Where one of the owners is also a lessee or tenant the

rule of necessity cannot apply. "For if a person interested both as a landlord and as a tenant withheld his consent to the termination of a lease the tenancy could be continued indefinitely." *Towle* v. *Pullen*, 238 F. 107, 112. In such a case the consent of the owner who is also a tenant is not required. However the exception is of no benefit to the plaintiffs since the defendant is not one of the co-owners and he occupies the whole premises as a tenant of all the tenants in common. Therefore, the defendant could not be dispossessed of the Moore homestead under the Landlord and Tenant Act without the consent of the fourth tenant in common, Leona.

The plaintiffs claim that the partition in fact of the dwelling and the five acres to the plaintiffs leaves the remainder of the premises to Leona and that she has no present interest in the former. A partition in fact made by deed of less than all the tenants in common is valid as a partition only if none of the land conveyed by such deed is equitably required to give the remaining cotenant her just share in the whole. *Warner* v. *Eaton*, 78 N. H. 515. In the absence of evidence establishing that fact the Presiding Justice was not compelled to find that the remaining portion of the Moore homestead without buildings was the equitable share to which Leona was entitled.

The defendant could not be dispossessed of the entire Moore homestead unless all the owners consented thereto. The defendant likewise could not be dispossessed of the dwelling and the five acres since the plaintiffs have not sustained their burden of proof that the partition was fair and equitable.

Subsequent to these proceedings the plaintiffs have filed a bill in equity in the Superior Court to confirm the voluntary partition and praying for an accounting of the rents and profits by Leona. From the pleadings in that bill in equity it is apparent that Leona has claims of credits due her from the other tenants in common which make the proposed voluntary partition questionable until such time as the plaintiffs can produce proof to the contrary. Under the circumstances of the case the Court correctly ruled in effect that the plaintiffs had not established their rights to summary proceedings under the Landlord and Tenant Act either as to the whole of the Moore homestead or that part that was attempted to be partitioned to the plaintiffs.

*Exception overruled.*

All concurred.