Municipal Court of Keene,
No. 4526.

SIBLEY OIL COMPANY *v.* BENJAMIN A. STEIN, *Adm'r.*

Argued October 2, 1956.

Decided October 31, 1956.

*Joseph T. Cristiano* for the plaintiff, furnished no brief.

*Eaton & Eaton* (*Mr. Robert I. Eaton* orally), for the defendant.

DUNCAN J. The housekeeper who ordered oil from the plaintiff is not a party to the action, and hence no question is presented of her liability, either upon her own contract, or as an executor in her own wrong. See RSA 553:17; *Emery* v. *Berry*, 28 N. H. 473. *Cf.* 2 Woerner, Am. Law of Administration, s. 198. Her agency for the deceased terminated at the death of her principal (*Wilson* v. *Edmonds*, 24 N. H. 517, 547), and the reserved case establishes that when the oil was ordered the plaintiff knew of the death.

The evidence taken in the court below was not restricted by the technical rules of evidence (RSA 503:7), and is not before us. Consequently the allegation of the defendant's motion that the verdict is "contrary to the evidence" presents no issue for determination in this court. *Racine* v. *Armstrong*, 100 N. H. 96. The findings must be taken to have been made upon competent evidence (*Id.*), and the presumptions are in favor of the verdict below. *Chabot* v. *Shiner*, 95 N. H. 252.

The defendant asserts that the verdict was erroneous as a matter of law, because first no legal representative had been appointed at the time when the oil was ordered; and second as administrator of the estate of a deceased person not shown to be insolvent, he had no interest in the care and preservation of the real estate, title to which vested at once in the decedent's heirs. RSA 554:15; *Lucy* v. *Lucy*, 55 N. H. 9. If he is required to satisfy the plaintiff's claim, the defendant reasons, the expense will not be allowable in his probate account, but will fall upon him personally. See *Ayers* v. *Laighton*, 73 N. H. 487.

The reserved case indicates that the verdict was founded upon a finding that the estate "received the benefit of the oil." The liability found by the trial justice thus rests not upon any assumed contract of a legal representative, but upon an obligation arising out of the equitable doctrine of restitution. See *Beaudry* v. *Favreau*, 99 N. H. 444, 447. There is no suggestion in the case that the benefit found to have been received by the "estate" was in preservation or maintenance of the real estate. The defendant does not question that the estate also consisted of household furnishings and furniture, stocks, bonds, and savings accounts; and that some or all of the personal estate was kept in the decedent's house. It cannot be said as a matter of law that pending appointment of a legal representative, preservation of the personalty of the estate

could not reasonably be found to warrant its protection by a custodian in the person of the housekeeper, and the reasonable use of oil to heat the premises where the assets were located, so that she might perform that task. See *Emery* v. *Berry*, 28 N. H. 473, *supra*, 483. Such care may well have been less expensive than commercial storage elsewhere would have been. Moreover, to the extent that any unconsumed oil came to the possession and control of the defendant's predecessor in the office of administrator, it was personal property and the administrator was chargeable with its value if it inured to the benefit of the estate, as the court has found. Its cost accordingly became an allowable credit in the administrator's probate accounting. No reason appears why the cost of oil consumed before appointment of an administrator should not also be found an incidental and allowable expense of protecting the personalty.

In the absence of any record of the proceedings below, this court is bound by the express and implied findings of the trial justice. *Racine* v. *Armstrong, supra.*

*Judgment on the verdict.*

All concurred.