13 A.3d 134 (2010)
BANK OF NEW YORK MELLON
v.
Susan CATALDO and another.
No. 2009-930.
Supreme Court of New Hampshire.
Submitted: September 8, 2010.
Opinion Issued: November 10, 2010.
*135 Susan Cataldo and David Russell, by brief, pro se.
Shechtman Halperin Savage, LLP, of Pawtucket, Rhode Island (Joseph A. Camillo on the brief), for the plaintiff.
DUGGAN, J.
The defendants, Susan Cataldo and David Russell, appeal a judgment of the Franklin District Court (Gordon, J.) awarding the plaintiff, Bank of New York Mellon (bank), a writ of possession. We affirm.
The record supports the following facts. The bank purchased the defendants' mortgaged property at a foreclosure sale in December 2008 and later instituted eviction proceedings in district court. The defendants filed a plea of title to which the bank objected. The district court ruled:
Susan Cataldo should file an action at the Superior Court with regard to title prior to the final hearing on December 1, 2009. If such an action is filed then this case will be transferred for consolidation. In the [absence] of such a filing, the Court will proceed to the final hearing.
After the defendants failed to file such an action in superior court, the district court issued judgment in the bank's favor, stating: "The only defense to [the bank's] claim is a question of title. This cannot be decided in this Court. The [bank] has provided documentation of its ownership as a result of foreclosure proceedings." This appeal followed.
The defendants argue that filing a plea of title precluded the district court from acting further in the case. Our decision depends upon the interpretation of statutes, which presents a question of law that we review de novo. Kenison v. Dubois, 152 N.H. 448, 451, 879 A.2d 1161 (2005). "We are the final arbiter of the intent of the legislature as expressed in the words of the statute. . . ." Id. "When the language of a statute is clear on its face, its meaning is not subject to modification." Dalton Hydro v. Town of Dalton, 153 N.H. 75, 78, 889 A.2d 24 (2005).
RSA 540:17 and:18 (2007) detail the procedures district courts are to follow when a defendant raises the issue of title. RSA 540:17 states:
If the defendant shall plead a plea which may bring in question the title to the demanded premises he shall forthwith recognize to the plaintiff, with sufficient sureties, in such sum as the court shall order, to enter his action in the superior court for the county at the next return day, and to prosecute his action in said court, and to pay all rent then due or which shall become due pending the action, and the damages and costs which may be awarded against him.
RSA 540:18 states:
After the filing of such plea and the entry of such recognizance no further proceedings shall be had before the municipal court, but the action may be entered *136 and prosecuted in the superior court in the same manner as if it were originally begun there.
See also RSA 502-A:34 (2010) (conferring on the district courts the jurisdiction, powers, and duties formerly possessed by the municipal courts).
The filing of a plea of title in district court does not immediately halt the possessory proceedings in district court. Rather, RSA 540:17 requires that the defendant "forthwith recognize to the plaintiff, with sufficient sureties, in such sum as the court shall order, to enter his action in the superior court for the county at the next return day. . . ." RSA 540:18 provides that once the recognizance has been entered, no further proceedings shall be had in the district court and the action may be entered in the superior court. Thus, once the plea of title is filed in the district court and the defendant files such recognizance as ordered by the court, the possessory action in district court is stayed.
A "recognizance" is a "bond or obligation, made in court, by which a person promises to perform some act or observe some condition." Black's Law Dictionary 1386 (9th ed.2009). Thus, RSA 540:17 requires the defendant to promise to enter his action in the superior court for the county at the next return day and authorizes the district court to require that the defendant post a monetary bond which may be unsecured or secured. RSA 540:18 provides that once such a promise is made via the entry of a recognizance, no further proceedings shall be had in the district court and the action may be entered in the superior court. If the defendant then fails to enter his action in the superior court, however, we hold that the possessory proceedings in the district court may resume. To conclude otherwise would leave the plaintiff's possessory action in limbothe district court would be unable to act, and since nothing had been filed in superior court by the defendant, the superior court would also be unable to act. We refuse to construe the statutes to lead to such an absurd result. See Appeal of Carnahan, 149 N.H. 433, 435, 821 A.2d 1122 (2003).
Here, the defendants filed a plea of title on October 10. Rather than require the defendants to recognize (i.e., promise) to the plaintiff, in a sum certain, that they would enter their action in the superior court at the next return day, the district court in essence waived the requirement that the defendants enter a recognizance and directly ordered them to file their title action in the superior court prior to December 1, 2009. This order is consistent with RSA 540:18, which provides that the action in superior court is to be entered in the same manner as if it were originally begun there. Upon the issuance of this order by the district court, no further proceedings were held in the district court, thereby permitting the defendants the opportunity to comply with the district court's order. Had they done so, their title issues would have been considered in the superior court. However, as explained above, when the defendants failed to comply with the district court's order by failing to enter their title action in the superior court within the time allowed, the district court was authorized to resume the possessory action.
To the extent that the defendants argue that the district court bore the burden to enter their action in superior court, the plain language of RSA 540:17 is to the contrary. It places the burden on the defendant to recognize, or promise, to enter his title action in superior court and to prosecute his action in said court. By directing the defendant to recognize to "enter" and "prosecute" the action, the statute places the burden to institute the *137 action in the superior court on the defendant.
The defendants next argue that because the district court cannot hear cases involving title to real estate, the court does not have authority to award possession of real estate to the bank. This argument fails because it conflates title and possession. The district court has the authority to adjudicate possessory actions. See RSA 540:12 (2007); see also RSA 540:20 (2007).
Finally, the defendants argue that the district court improperly considered evidence of the bank's ownership "since the [district court] had already determined and ruled that the matter [of title] could not be tried" in district court. We decline to address this evidentiary argument because the defendants have failed to demonstrate that it was raised below. See LaMontagne Builders v. Brooks, 154 N.H. 252, 258, 910 A.2d 1162 (2006) ("This court has consistently held that we will not consider issues raised on appeal that were not presented in the lower court." (quotation omitted)). "It is the burden of the appealing [parties] . . . to provide this court with a record sufficient to . . . demonstrate that [they] raised [their] issues before the trial court." Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250, 855 A.2d 564 (2004). Furthermore, any error in this regard was harmless. Having failed to enter their title action in the superior court, the defendants were prohibited from offering evidence in the possessory action in district court that may bring the title of the demanded premises in question. See RSA 540:16 (2007).
Affirmed.
DALIANIS, HICKS and CONBOY, JJ., concurred.