NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

8th Circuit Court – Jaffrey District Division
No. 2012-443

LEIGH MAE FRIEDLINE & a.

v.

EUGENE ROE

Argued: October 16, 2013
Opinion Issued: May 16, 2014

Donald H. Sienkiewicz, of Milford, by brief and orally, for the plaintiffs.

Keefe & Keefe P.A., of Wilton (William Keefe on the brief and orally), for the defendant.

BASSETT, J. The defendant, Eugene Roe, appeals a decision of the 8th Circuit Court – Jaffrey District Division (Runyon, J.) awarding the plaintiffs, Leigh Mae Friedline and Zebadiah Kellogg-Roe, a writ of possession. We vacate and remand.

The following facts are drawn from the district division's order and the record, or are otherwise undisputed. In 1959, the defendant purchased property in Greenville, New Hampshire. In 1971, the defendant conveyed the property to Brookwood Ecology Center, Inc. (Brookwood), a New Hampshire voluntary corporation. Brookwood reconveyed the house and barn on the property to the defendant in 1999. In 2004, the defendant conveyed the house

and barn to his son, plaintiff Kellogg-Roe. In 2009, Kellogg-Roe transferred a twenty percent interest in the buildings to plaintiff Friedline. That same year, Kellogg-Roe gave Friedline a power of attorney to act as his agent.

The defendant has lived on the property since he purchased it. In March 2012, Friedline served him with an eviction notice, ordering him to vacate the premises within thirty days. Although the eviction notice stated that the buildings were owned by both Kellogg-Roe and Friedline, only Friedline signed the notice. When the defendant did not vacate the premises, the plaintiffs filed a landlord and tenant writ.

The defendant filed a brief statement and plea of title in response to the writ, arguing, among other things, that the case should be dismissed because both record owners of the premises did not sign the eviction notice. In his plea of title, the defendant argued that a constructive trust should be imposed because "[t]he 2004 conveyance from [the defendant] to [Kellogg-Roe] was based on the agreement that [the defendant] could live in the house for the rest of his life." The defendant also challenged the plaintiffs' title to the property by arguing that Brookwood, "as a charitable trust[,] was without authority to give the house and barn to [the defendant] in 1999 and therefore plaintiff[s] as . . . assignee[s] without consideration, [do] not own title to the house."

Following a hearing, the district division awarded the plaintiffs a writ of possession. It found that Friedline filed the eviction notice on behalf of both owners because Kellogg-Roe had granted her a durable power of attorney. Citing RSA 506:1, the court also concluded that any agreement entitling the defendant to a life estate was unenforceable because the defendant did not prove that the agreement had been reduced to writing. See RSA 506:1 (2010) ("No action shall be maintained upon a contract for the sale of land unless the agreement upon which it is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person authorized by him in writing."). The court further found that the defendant's deed from Brookwood was not void because the 1999 transfer was for valuable consideration. This appeal followed.

On appeal, the defendant first argues that he properly asserted a plea of title and, consequently, the district division erred by not transferring the case to superior court. He further argues that the court exceeded its jurisdiction by ruling on the issues raised in his plea of title. The plaintiffs counter that the court did not err in declining to transfer the case to superior court because the defendant presented no evidence to support the claims asserted in his plea of title.

The ultimate determination as to whether the district division had jurisdiction in this case is a question of law, subject to de novo review. Holloway Automotive Group v. Lucic, 163 N.H. 6, 12 (2011). In order to answer

2

this question, we need to engage in statutory interpretation.  See Bank of N.Y. Mellon v. Cataldo, 161 N.H. 135, 137 (2010).  We are the final arbiters of the intent of the legislature as expressed in the words of the statute.  Id.  "When the language of a statute is clear on its face, its meaning is not subject to modification."  Id.

The district division of the circuit court is a court of limited jurisdiction with powers conferred upon it by statute.  RSA 502-A:14 (2010) (identifying jurisdiction of district court in civil cases); see RSA 490-F:3 (Supp. 2013) (conferring upon circuit courts powers and duties of former district courts).  Although it has the power to entertain possessory actions under RSA chapter 540 (2007 & Supp. 2013), it does not have jurisdiction to resolve issues of title or actions in equity.  See Deutsche Bank Nat'l Trust Co. v. Kevlik, 161 N.H. 800, 803 (2011); Woodstock Soapstone Co. v. Carleton, 133 N.H. 809, 816 (1991).

RSA 540:17 and :18 (2007) set forth the procedures district divisions are to follow when a defendant raises an issue of title.  See Bank of N.Y. Mellon, 161 N.H. at 137.  RSA 540:17 states:

> If the defendant shall plead a plea which may bring in question the title to the demanded premises he shall forthwith recognize to the plaintiff, with sufficient sureties, in such sum as the court shall order, to enter his action in the superior court for the county at the next return day, and to prosecute his action in said court, and to pay all rent then due or which shall become due pending the action, and the damages and costs which may be awarded against him.

RSA 540:18 states:

> After the filing of such plea and the entry of such recognizance no further proceedings shall be had before the municipal court, but the action may be entered and prosecuted in the superior court in the same manner as if it were originally begun there.

See also RSA 502–A:34 (2010) (repealed 2011) (conferring on district courts jurisdiction, powers, and duties formerly possessed by municipal courts); RSA 490-F:3.

The filing of a plea of title in the district division does not immediately halt the possessory proceedings.  See Bank of N.Y. Mellon, 161 N.H. at 137 (referring to district court).  Rather, we have explained that RSA 540:17 requires the defendant to promise to enter his action in the superior court for the county and authorizes the district division to require that the defendant post a monetary bond which may be unsecured or secured.  Id. at 138.  RSA

3

540:18 provides that once such a promise is made by way of the entry of recognizance, no further proceedings shall be had in the district division and the action may be entered in the superior court. Id. Thus, when the plea of title is raised in the district division and the defendant files such recognizance as ordered by the court, the possessory action in the district division is stayed. Id. at 137. If the defendant fails to enter his action in the superior court, then the possessory proceedings in the district division may resume. See id. at 138.

We have recognized that once a defendant raises a plea of title, the district division does not bear the burden to transfer or otherwise enter the action in superior court. See id. Rather, RSA 540:17 places the burden to institute the action in the superior court on the defendant. Id. Moreover, the district division does not have the authority to address the merits of a title claim because "issues of title must be resolved in superior court." Wells Fargo Bank v. Schultz, 164 N.H. 608, 611 (2013); see also Deutsche Bank Nat'l Trust Co., 161 N.H. at 804 (noting that defendants would not have been able to pursue their challenge to plaintiff's title in district court).

Consequently, because the district division lacks jurisdiction to decide a plea of title, we hold that, when a defendant raises such a claim, the district division must provide the defendant with an opportunity to promise to enter his action in the superior court and, if so ordered, to enter a recognizance. Cf. Deutsche Bank Nat'l Trust Co., 161 N.H. at 802; Bank of N.Y. Mellon, 161 N.H. at 138. If the defendant fails to initiate the action in the superior court or does not enter the specified recognizance, then the district division may resume the possessory proceedings. See Bank of N.Y. Mellon, 161 N.H. at 138.

Here, the defendant challenged the plaintiff's title to the property on two grounds. He first argued that he had a life estate in the property because he conveyed the property to Kellogg-Roe based upon an agreement that he could live in the house for the rest of his life. The defendant next asserted, in essence, that Brookwood – rather than the plaintiffs – was the owner of the house and barn. Consequently, the defendant maintained that the plaintiffs were not entitled to bring a possessory action because they did not hold valid title.

We need not decide whether both of the defendant's claims raised a plea of title because it is evident that the defendant's first claim involved a challenge to the title to the property. See Gibson v. LaClair, 135 N.H. 129, 131 (1991); Blevens v. New England Tel. & Tel. Co., 116 N.H. 247, 247 (1976). Nonetheless, the district division did not provide the defendant with the opportunity to enter his action in superior court, nor did it address the issue of recognizance. This was error.

The defendant further argues that the district division erred by ruling on the merits of his plea of title because doing so exceeded the court's jurisdiction.

4

We agree. Rather than providing the defendant with the opportunity to enter his action in superior court, the district division held a hearing during which it addressed, among other issues, the merits of his claim to a life estate in the property. Because jurisdiction to resolve questions of title and matters of equity lies with the superior court, see Wells Fargo Bank, 164 N.H. at 611; Woodstock Soapstone Co., 133 N.H. at 816, the district division erred by ruling on this claim. Consequently, we vacate the district division's order.

Finally, relying upon Moore v. Hill, 97 N.H. 40 (1951), the defendant argues that the eviction notice was invalid because it was signed only by Friedline. In Moore, we addressed whether three of four owners of property can give a valid eviction notice without the consent of the fourth. Moore, 97 N.H. at 41. We concluded that they could not. Id. We did not address, however, whether an eviction notice is invalid simply because it is not signed by all of the owners, see id. at 41-42, and the defendant has not cited any authority, nor are we aware of any, requiring that all property owners must sign an eviction notice for it to be valid.

Here, the district division found that "Friedline was filing the [eviction notice] on behalf of both owners of the premises." The defendant presents no argument – beyond the lack of Kellogg-Roe's signature on the eviction notice – that Kellogg-Roe did not consent to the eviction. Consequently, we conclude that the district division correctly ruled that the lack of Kellogg-Roe's signature on the eviction notice did not require dismissal of the action.

Vacated and remanded.

DALIANIS, C.J., and HICKS, CONBOY, and LYNN, JJ., concurred.

5