**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0229, <u>The Bank of New York Mellon Trust Company, NA v. Nicholas Cohen</u>, the court on February 19, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendant, Nicholas Cohen, appeals an order of the Circuit Court (<u>Yazinski</u>, J.) awarding the plaintiff, The Bank of New York Mellon Trust Company, N.A., a writ of possession.  The defendant argues that he properly asserted a plea of title and that because the circuit court lacks jurisdiction to resolve title disputes, the court erred by ruling on the merits of his plea of title and depriving him of an opportunity to enter his action in superior court.

The record shows that the plaintiff filed a landlord-tenant writ, which the sheriff served upon the defendant on January 7, 2014.  On January 30, 2014, the defendant filed a plea of title, challenging the plaintiff's title to the subject property.

RSA 540:17 and :18 (2007) set forth the procedures the circuit court must follow when a defendant raises an issue of title.  <u>See</u> <u>Bank of N.Y. Mellon v. Cataldo</u>, 161 N.H. 135, 137 (2010); <u>see also</u> RSA 490-F:3 (Supp. 2013) (conferring upon circuit courts the powers and duties of former district courts).

RSA 540:17 states:

> If the defendant shall plead a plea which may bring in question the title to the demanded premises he shall forthwith recognize to the plaintiff, with sufficient sureties, in such sum as the court shall order, to enter his action in the superior court for the county at the next return day, and to prosecute his action in said court, and to pay all rent then due or which shall become due pending the action, and the damages and costs which may be awarded against him.

RSA 540:18 states:

> After the filing of such plea and the entry of such recognizance no further proceedings shall be had before the municipal court, but

the action may be entered and prosecuted in the superior court in the same manner as if it were originally begun there.

See also RSA 502-A:34 (2010) (repealed 2011) (conferring on district courts the jurisdiction, powers, and duties formerly possessed by municipal courts); RSA 490-F:3.

The filing of a plea of title in the circuit court does not immediately halt the possessory proceedings. See Cataldo, 161 N.H. at 137. Rather, RSA 540:17 places the burden to institute the action in the superior court on the defendant. See id. at 138. Because the circuit court lacks jurisdiction to decide a plea of title, when a defendant raises such a claim, the circuit court must provide the defendant with an opportunity to promise to enter his action in the superior court. Friedline v. Roe, 166 N.H. 264, 267-68 (2014). If the defendant fails to enter his action in the superior court, then the circuit court may resume the possessory proceedings. See Cataldo, 161 N.H. at 138.

In this case, the defendant argues that the trial court deprived him of an opportunity to enter his action in the superior court by entering judgment for the plaintiff. We disagree. In Cataldo, the plaintiff bank instituted an eviction action against the defendants in district court after purchasing the defendants' property at a foreclosure sale. See id. at 136. When the defendants filed a plea of title, the court ruled:

[The defendants] should file an action at the Superior Court with regard to title prior to the final hearing on December 1, 2009. If such an action is filed then this case will be transferred for consolidation. In the absence of such a filing, the Court will proceed to the final hearing.

Id. (brackets omitted). When the defendants in Cataldo failed to file an action in superior court within the time allowed, the district court issued a judgment in the bank's favor. Id. We held that the district court committed no error because it was authorized to resume the possessory action after the defendants failed to enter their action in superior court. Id. at 138.

In this case, in response to the defendant's plea of title, the court ruled:

I'm going to enter a judgment for the Plaintiff. And I've provided that a writ of possession will issue on March 31st of 2014. It's basically a 60-day period for you to figure out what you're going to do. If you think you have a case to take to Superior Court, do so within that time period. Otherwise, [the plaintiff] is going to be able to get a writ of possession and the sheriff will serve it.

The trial court's instructions in this case were essentially the same as the instructions in Cataldo. Although the court in this case stated that it

would enter a judgment for the plaintiff, it is clear from the context of the court's instructions that the plaintiff would be allowed approximately sixty days to file an action in superior court before proceedings would resume in the circuit court. In context, we construe the trial court's ruling as granting the plaintiff a conditional judgment, requiring the passage of sixty days without a properly-filed plea of title from the defendant in order to become final. When the defendant failed to file an action in superior court within the allotted time, therefore, the circuit court was authorized to issue the writ of possession in the possessory action. See id.

The defendant argues that the court's oral instructions were "contradicted and undermined by its written order" issued after the hearing, in which the court stated, "The plaintiff has title pursuant to foreclosure," without including qualifying or conditional language, or instructions to file his plea of title in superior court. He asserts that this order was "undeniably a judgment rejecting the merits of his plea of title." We disagree with the defendant's contentions. The record shows that the defendant asserted in his plea of title that the plaintiff lacked authority to foreclose on the property because the mortgage assignment was void. Although the court questioned whether the defendant could raise this issue at this stage in the proceedings if he did not petition to enjoin the foreclosure prior to the foreclosure sale, see RSA 479:25, II (2013), nothing in the record shows that the circuit court rejected the merits of his plea of title.

We conclude that the trial court gave the defendant a sufficient opportunity to enter his action in superior court and that, given the defendant's failure to take such action within the time allowed, the court was authorized to resume the possessory action. See Cataldo, 161 N.H. at 138.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

3