**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0472, <u>Olga Edstrom v. Mount Saint Mary's Condominium Association</u>, the court on April 29, 2015, issued the following order:**

Having considered the brief filed by the respondent, Mount Saint Mary's Condominium Association, the memorandum of law filed by the petitioner, Olga Edstrom, and the record submitted on appeal, the court concludes that a formal written opinion is unnecessary in this case. The respondent appeals an order of the Superior Court (<u>McNamara</u>, J.) granting summary judgment to the petitioner on her petition to quiet title to her condominium. The summary judgment ruling voided a 2010 sheriff's sale of the property. We affirm.

The record establishes the following facts. The petitioner purchased the condominium in September 2005. In March 2008, she stopped paying the assessed condominium fees. As a result, the respondent brought a collection action in what is now the district division of the circuit court and obtained a judgment against her in the amount of $6,286.56. A writ of execution of judgment was issued in February 2010.

On April 22, 2010, the petitioner asserted her homestead right of exemption. <u>See</u> RSA 480:1 (2013); RSA 529:25-a (2007). The sheriff's sale took place on April 23, 2010, at which the respondent purchased the condominium for $6,478.43.

At the end of March 2012, the respondent brought a possessory action for nonpayment of rent in the circuit court, alleging that the petitioner had held over after the sheriff's sale and had failed to pay rent. The petitioner filed a plea of title in the circuit court on April 24, 2012. Approximately one week later, on May 2, 2012, the circuit court held a hearing on the merits of the respondent's possessory action. <u>But</u> <u>see</u> RSA 540:17 (2007) (providing that a tenant has until "the next return day" to file her plea of title in superior court and pay any recognizance ordered by the circuit court); <u>Friedline v. Roe</u>, 166 N.H. 264, 267-68 (2014) (holding that when a tenant files a plea of title in the circuit court, the circuit court must give the tenant an opportunity to file her plea of title in superior court and pay any recognizance ordered by the circuit court). Based upon the date on which the petitioner filed her plea of title in the circuit court, the next return date was June 5, 2012. <u>See</u> RSA 502-A:26 (2010). In its May 2 order, the circuit court granted the respondent a writ of possession and denied the petitioner's plea of title.

The petitioner moved for reconsideration and filed a notice of intent to appeal. On June 12, the circuit court denied the petitioner's motion for reconsideration. Although the circuit court initially allowed the petitioner's intent to appeal, it later decided that her notice was procedurally defective. The petitioner did not appeal the circuit court's decision.

The petitioner was evicted from the condominium on June 18, 2012. That same day, she filed a petition to quiet title in superior court. In March 2013, the superior court ruled upon the parties' cross-motions for summary judgment. The court concluded that the circuit court's May 2, 2012 order did not preclude the superior court from determining title because the circuit court had no jurisdiction to decide title. See Friedline, 166 N.H. at 266. The court ruled that, because the sheriff's sale was improper in several respects, it was void. Accordingly, the court granted the petitioner's summary judgment motion and denied that of the respondent.

Thereafter, the respondent moved for reconsideration, which, in May 2013, the trial court denied. However, because "the parties' arguments regarding the procedural posture of the case — namely, whether [the petitioner] must file a new possessory action to regain her property — [were] not well framed," the court ordered the parties to submit supplemental briefing.

In response, the respondent moved to dismiss the petitioner's quiet title petition, arguing that the superior court lacked jurisdiction because, when the petitioner filed her plea of title in the circuit court, she did not also file a recognizance. See RSA 540:17. The superior court agreed with the respondent and granted the motion to dismiss "without prejudice to [the petitioner's] right to renew her petition in the superior court upon compliance with RSA 540:17."

The petitioner appealed the superior court's dismissal. In an April 18, 2014 unpublished order, we reversed and remanded. We explained that RSA 498:5-a (2010) gives the superior court jurisdiction to hear title disputes and that RSA chapter 540 does not divest the superior court of jurisdiction under RSA 498:5-a.

On remand, the petitioner filed a motion for entry of final judgment, to which the respondent objected. In its objection, the respondent argued, for the first time, that the petitioner's petition to quiet title was barred under the doctrine of res judicata by the judgment entered in a related collection action that the respondent had filed in superior court. The respondent also asserted, for the first time, that the sheriff's sale was not void because the petitioner was obligated to reimburse the respondent for back rent or the value of time spent living rent- and mortgage-free in the condominium. Additionally, for the first time, the respondent contested the valuation of the petitioner's homestead right. Relying upon deposition testimony obtained after the parties filed their cross-motions for summary judgment, the respondent further argued that a

material issue of fact remained in dispute; namely, whether the petitioner ever signed the letter in which she asserted her homestead right of exemption. Finally, the respondent contended that the petitioner's petition to quiet title was barred because of various admissions she made in other proceedings in which the parties had been involved.

The superior court concluded that the respondent "waived any defense other than one based on jurisdiction by failing to raise it before expiration of the period for motions to reconsider" the court's March 2013 order on the parties' cross-motions for summary judgment. The court observed that res judicata "is not a jurisdictional defense" and reasoned that, because the respondent had "raised no arguments that avoid the finality" of the court's prior orders, the court had "no choice but to enforce its final judgment in favor of Petitioner." See Gray v. Kelly, 161 N.H. 160, 164 (2010) (stating that both res judicata and collateral estoppel are affirmative defenses); Super. Ct. Civ. R. 9(d) (recognizing that failure to plead affirmative defenses constitutes waiver). Accordingly, the trial court reinstated the summary judgment decision it had previously issued in March 2013. The respondent unsuccessfully moved for reconsideration, and this appeal followed.

On appeal, the respondent reiterates the arguments it made in its objection to the petitioner's motion for entry of final judgment. In addition, the respondent argues again, as it argued in its original cross-motion for summary judgment, that the circuit court's decision in the possessory action was entitled to preclusive effect. As the appealing party, the respondent has the burden of demonstrating reversible error. See Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the superior court's well-reasoned order, the respondent's challenges to it, and the record submitted on appeal, we conclude that the respondent has not demonstrated reversible error. See id.

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,
Clerk**