# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0113, <u>Paul Powers v. Joel Saren</u>, the court on December 4, 2015, issued the following order:**

We treat the plaintiff's "Motion to Accept My Brief in Entire[t]y" as an objection to the defendant's motion to strike the plaintiff's brief, in whole or in part. The motion to strike is granted to the extent that all references to any offer of settlement are stricken. <u>See</u> <u>N.H. R. Ev.</u> 408 (evidence of attempt to compromise is inadmissible to prove liability). Otherwise the motion is denied. The plaintiff's motion to withdraw his motion to extend the deadline in which to file his brief is moot. Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We vacate and remand to the trial court with direction to transfer the action to superior court.

The defendant, Joel Saren, appeals a small claim judgment issued by the Circuit Court (<u>DeVries</u>, J.) in favor of the plaintiff, Paul Powers. <u>See</u> RSA 503:1 (2010) (amended 2014). The defendant contends that the trial court erred by: (1) exceeding its subject matter jurisdiction; (2) denying his discovery request; and (3) denying his motion to dismiss the small claim complaint.

We first address the trial court's subject matter jurisdiction. The circuit court is a court of limited jurisdiction with powers conferred upon it by statute. RSA 502–A:14 (2010) (identifying jurisdiction of district court in civil cases); <u>see</u> RSA 490–F:3 (Supp. 2014) (conferring upon circuit court powers and duties of former district courts). It does not have jurisdiction to resolve issues of title. <u>Friedline v. Roe</u>, 166 N.H. 264, 266 (2014). Nor does it have jurisdiction to interpret easements. <u>Blevens v. New England Tel. & Tel. Co.</u>, 116 N.H. 247, 247 (1976). A party may challenge subject matter jurisdiction at any time during the proceeding, including on appeal, and may not waive it. <u>Hemenway v. Hemenway</u>, 159 N.H. 680, 684 (2010). Whether the circuit court had jurisdiction in a particular case is a question of law, subject to <u>de</u> <u>novo</u> review. <u>Friedline</u>, 166 N.H. at 266.

In the trial court, the defendant asserted that an access easement entitled him to take the actions for which the plaintiff sought damages. The plaintiff countered that the defendant's actions were not within the area of his property burdened by the easement, and the trial court stated that the defendant's actions were beyond the scope of his easement rights. Thus, ruling in the plaintiff's favor effectively required the trial court to interpret the deed creating the easement to determine its location and the scope of the defendant's rights in it, which the

circuit court lacks jurisdiction to do.  See Blevens, 116 N.H. at 247.  The plaintiff argues that the defendant waited too long to assert this defense.  However, jurisdiction may be challenged at any time.  See Hemenway, 159 N.H. at 684.  Under these circumstances, the action must be brought in superior court.  See RSA 491:7 (Supp. 2014).

Because we conclude that the trial court lacked subject matter jurisdiction, we vacate its ruling and need not address the defendant's other arguments.  Inasmuch as it was the defendant's defense, raised for the first time at trial, that defeated the circuit court's jurisdiction, we conclude that it would be unjust to require the plaintiff to incur the expense of filing a new action in superior court.  We therefore direct the trial court, upon remand, to transfer the action to superior court.

Vacated and remanded.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**