**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0655, <u>Soren Pfeffer & a. v. Douglas Brackett</u>, the court on August 24, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendant, Douglas Brackett, appeals the order of the Circuit Court (<u>Kelly</u>, J.) granting a writ of possession to the plaintiffs, Maple Ridge Road, LLC (owner), and its manager, Soren Pfeffer (manager).  The defendant argues that the trial court erred in:  (1) restricting his cross-examination of the manager; and (2) ruling that he failed to raise a plea of title.

The defendant first argues that the trial court erred in restricting his cross-examination of the manager.  The trial court has broad discretion to determine the admissibility of evidence, and we will not disturb its ruling absent an unsustainable exercise of discretion.  <u>N.H. Dep't of Transp. v. Franchi</u>, 163 N.H. 797, 803 (2012).  To show that the trial court's decision is unsustainable, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case.  <u>State v. Lambert</u>, 147 N.H. 295, 296 (2001).

At the hearing on the merits, the manager, who was self-represented, testified that the defendant refused to vacate a prior residence, and that the defendant sued his prior landlord, claiming an ownership interest in the property.  Defense counsel, after conceding that the prior history is "not too terribly relevant," nevertheless sought to cross-examine the manager on this topic.  The trial court, after allowing some limited cross-examination, explained that although on direct examination it had given the manager "an opportunity to say everything that he needed to say," as he was "obviously not familiar with the process," it did not consider "any of the previous activities relevant to this case."  The trial court did not explicitly prevent defense counsel from continuing his cross-examination on this topic.  Nor did defense counsel advise the court that such examination was necessary to test the manager's credibility.  Rather, defense counsel thanked the court "for the instruction" and moved on to a different topic.

On appeal, the defendant argues that such cross-examination "was a vital opportunity for [defense] counsel to test [the manager's] credibility and

truthfulness." He concedes that he did not raise this issue in the trial court and seeks review under our plain error rule. See Sup. Ct. R. 16-A. Even assuming, without deciding, that the trial court's instruction implicitly restricted defense counsel's cross-examination, we cannot conclude that the court unsustainably exercised its discretion, given the defendant's failure to explain that he was seeking to test the manager's credibility. See Lambert, 147 N.H. at 296. Accordingly, we find no plain error. See Randall v. Abounaja, 164 N.H. 506, 510 (2013) (for plain error, there must be error).

The defendant next argues that the trial court erred in ruling that he failed to raise a plea of title requiring the action to be entered in the superior court. The circuit court does not have jurisdiction to resolve title issues. See Friedline v. Roe, 166 N.H. 264, 266 (2014). The scope of the circuit court's jurisdiction is an issue of law, which we review de novo. Id. RSA 540:17 (2007) states:

> If the defendant shall plead a plea which may bring in question the title to the demanded premises he shall forthwith recognize to the plaintiff, with sufficient sureties, in such sum as the court shall order, to enter his action in the superior court for the county at the next return day, and to prosecute his action in said court, and to pay all rent then due or which shall become due pending the action, and the damages and costs which may be awarded against him.

The record shows that the defendant, who was then self-represented, filed an appearance in which he asserted, "they can't force me to vacate, I am part owner." Nothing in the record shows that the defendant filed any other pleading in the circuit court prior to the hearing on the merits. Nor did he enter or promise to enter an action in the superior court. At the hearing, the defendant testified that he had "discussions" with the manager about an agreement in which the defendant would "do improvements and renovations on the house" in exchange for an "equity" interest in the property, and that the parties "would split the profit 50/50" upon sale of the residence.

We conclude that the defendant failed to raise a plea of title in accordance with RSA 540:17 requiring the action to be entered in the superior court. The defendant did not allege that his "equity" interest included a possessory claim. Cf. Friedline, 166 N.H. at 266 (defendant raised plea of title by claiming life estate in property). Rather, as the trial court found, "taking the evidence in the light most favorable to the defendant, at the very best, he has stated a claim for reimbursement in some amount, at some point in time, for

the work he performed on the property." This does not raise an issue of title. See id. Accordingly, we find no error in the trial court's ruling.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**