# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0589, <u>Barlo Signs International, Inc. v. GCD, Inc.</u>, the court on June 29, 2018, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, GCD, Inc., appeals a small claim judgment granted by the Circuit Court (<u>Stephen</u>, J.) in favor of the plaintiff, Barlo Signs International, Inc., in the amount of $2,155 plus interest and court costs. The plaintiff had sought damages of $10,000 to compensate it for expenses that it had incurred in preparing a bid. The trial court ruled that, although there was no contract entitling the plaintiff to compensation for its bid preparation costs, it was reasonable to award $2,155 under a theory of unjust enrichment because the plaintiff had incurred that expense in obtaining an engineering stamp for the bid, because the defendant had benefited from the stamp, and because the defendant had not communicated to the plaintiff, when notified of the expense, that the expense would go uncompensated. On appeal, the defendant argues that the trial court lacked jurisdiction to grant the equitable remedy of unjust enrichment, and that, even if it had jurisdiction, the plaintiff was not entitled to that relief as a matter of law. We note that the plaintiff has not cross-appealed the trial court's ruling that there was no contract entitling it to compensation. Because we agree that the trial court lacked jurisdiction to award damages under a theory of unjust enrichment, we vacate the award of $2,155 plus interest and costs. Otherwise, the trial court's order is affirmed.

The circuit court is a statutory court of limited jurisdiction, with certain enumerated powers conferred upon it by statute. <u>In re Search Warrant for Records of AT&T</u>, 170 N.H. 111, 113 (2017); <u>Friedline v. Roe</u>, 166 N.H. 264, 266 (2014). Although the circuit court's district division has authority to decide certain civil actions for damages not involving title to real estate, <u>see</u> RSA 502-A:14 (2010) (defining civil jurisdiction of district courts); RSA 490-F:3 (Supp. 2017) (creating district division and conferring upon the circuit court "the jurisdiction, powers, and duties conferred upon the former . . . district courts"), including small claims involving damages not exceeding $10,000, RSA 503:1, :3 (2010 & Supp. 2017), the court lacks a general grant of equitable power, <u>see</u> <u>Holloway Automotive Group v. Lucic</u>, 163 N.H. 6, 11-12 (2011); <u>Matte v. Shippee Auto</u>, 152 N.H. 216, 223 (2005). Accordingly, absent a specific statutory grant of authority to the contrary, the circuit court's district division lacks jurisdiction to award equitable relief in civil cases. <u>See</u> <u>Friedline</u>, 166 N.H. at 266 (noting that, although district division has power to entertain

eviction actions, it lacks authority to decide actions in equity); Holloway, 163 N.H. at 11-12 (holding that, because piercing the corporate veil is an equitable remedy, district court lacked authority to grant that remedy regardless of whether it had jurisdiction over the underlying contract case); Matte, 152 N.H. at 223 (rejecting tenant's argument that district court could properly deny eviction based upon principles of equity because the district court lacks equity jurisdiction); Woodstock Soapstone Co. v. Carleton, 133 N.H. 809, 816 (1991) (upholding superior court's injunction of district court eviction proceeding because district court lacked equity jurisdiction and, thus, it could not decide tenant's claims seeking specific performance of purchase options within the lease); see also Beer v. Bennett, 160 N.H. 166, 173-74 (2010) (observing that, although rescission is an equitable remedy, and although the district court lacks a general grant of equitable power, the remedy was available under the facts of the case pursuant to the Uniform Commercial Code).

Unjust enrichment is an equitable remedy that is generally available when a party receives a benefit under circumstances that render it unconscionable for that party to retain the benefit, and when there is no valid and enforceable contract between the parties that otherwise governs the matter. Axenics, Inc. v. Turner Constr. Co., 164 N.H. 659, 669 (2013). We acknowledge that, in prior cases, we have either upheld district or municipal court unjust enrichment awards, or have remanded such cases with directions to address unjust enrichment claims on their merits. See Kowalski v. Cedars of Portsmouth Condo. Assoc., 146 N.H. 130, 131-342 (2001) (upholding district court restitution award); Kondrat v. Freedom School Board, 138 N.H. 683, 686-87 (1994) (holding that district court erred by "not allowing [the plaintiff in a small claim] to present evidence of the fair value of the services that he reasonably rendered the [defendant] . . . on the basis of quantum meruit," and remanding "to the district court for a resolution of what [the plaintiff's] services were worth so that he may be afforded an equitable remedy"); Iacomini v. Liberty Mutual Ins. Co., 127 N.H. 73, 78 (1985) (holding that the district court erred by not allowing plaintiff to amend his action so as to assert an unjust enrichment claim, and remanding for a trial on that claim); Sibley Oil Co. v. Stein, 100 N.H. 356, 357-58 (1956) (upholding small claim judgment of municipal court in favor of plaintiff based upon "the equitable doctrine of restitution"). In none of those cases, however, were we asked to consider the trial court's jurisdiction to award the equitable remedy.

Because unjust enrichment is an equitable remedy that is available only in the absence of an enforceable contract governing the matter, and because the district division of the circuit court generally lacks jurisdiction to grant equitable relief, we conclude that the circuit court lacked jurisdiction to award damages to the plaintiff under a theory of unjust enrichment. See Holloway, 163 N.H. at 11-12. Accordingly, we vacate the trial court's order to the extent that it awarded the plaintiff $2,155 plus interest and costs under a theory of unjust enrichment, and need not address the defendant's argument that the

2

plaintiff was not entitled to relief under an unjust enrichment theory as a matter of law.  Otherwise, the trial court's order is affirmed.

<u>Affirmed in part and vacated in part</u>.

Lynn, C.J., and Hicks, Hantz Marconi, and Donovan, JJ., concurred.


**Eileen Fox,
Clerk**