**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0684, <u>Robert Ploettner v. Christopher Della Cioppa & a.</u>, the court on September 14, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We vacate and remand.

The defendants, Christopher Della Cioppa and Jennifer Della Cioppa, appeal an order of the Circuit Court (<u>Tenney</u>, J.) in favor of the plaintiff, Robert Ploettner, on his action for possession based upon non-payment of rent. <u>See</u> RSA 540:13 (2007). We construe the defendants' brief to argue that: (1) they had an oral rent-to-purchase agreement with the plaintiff and, thus, were not tenants but, instead, were the owners and their overdue payments to the plaintiff were "mortgage" payments, not rent payments; and (2) there was insufficient evidence to support the trial court's finding that their arrearages were in excess of $14,000, in part because they never agreed to a late fee on overdue payments.

The circuit court lacks jurisdiction to decide a plea of title. <u>Friedline v. Roe</u>, 166 N.H. 264, 267 (2014). Although the defendants failed to challenge the circuit court's jurisdiction, we may raise this issue <u>sua</u> <u>sponte</u>. <u>State v. Demesmin</u>, 159 N.H. 595, 597 (2010). In this case, the defendants claimed that they owned the property. Although they based their claim upon an oral agreement, the circuit court lacked jurisdiction to decide it. <u>See</u> <u>Friedline v. Roe</u>, 166 N.H. 264, 266 (2014) (stating district court lacked jurisdiction to determine validity of defendant's claim to life estate, even though agreement not reduced to writing); RSA 490-F:3 (Supp. 2017) (conferring upon circuit courts powers and duties of former district courts).

When a defendant raises such a claim, the circuit court must provide the defendant with an opportunity to promise to enter his action in the superior court and, if so ordered, to enter a recognizance. <u>Friedline</u>, 166 N.H. at 267-68; <u>see</u> RSA 540:17 (2007). If the defendant fails to initiate the action in the superior court or does not enter the specified recognizance, then the circuit court may resume the possessory proceedings. <u>Friedline</u>, 166 N.H. at 268.

Accordingly, we vacate and remand to the trial court for proceedings consistent with RSA 540:17, RSA 540:18 (2007), and our decision in Friedline. In light of this conclusion, we need not address the defendants' other arguments.

Vacated and remanded.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**