# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0705, <u>Petition of John Doe</u>, the court on August 6, 2020, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The petitioner, a police officer, seeks review pursuant to Supreme Court Rule 11 (Petition for Original Jurisdiction) of an order issued by the Circuit Court (<u>Steckowych</u>, J.) after the court conducted an <u>in</u> <u>camera</u> review of a file relating to an internal police department investigation into the petitioner's conduct. We affirm.

The following summary of the case is relevant to our analysis. The petitioner was scheduled to testify on the State's behalf during a criminal case in the district division of the circuit court. Although the precise timing is unclear from the record before us, in the months leading up to trial, the trial court conducted an <u>in</u> <u>camera</u> review of a file relating to an internal police department investigation into the petitioner's conduct.[1] The court determined that the file contained exculpatory evidence; accordingly, it ordered that portions of the file be disclosed to the defendant. <u>See</u> RSA 105:13-b (2013); <u>State v. Laurie</u>, 139 N.H. 325, 327, 333 (1995).

Approximately two weeks before trial, the petitioner filed a motion <u>in limine</u> addressing the investigation file. The petitioner argued that he had been improperly placed on the Attorney General's "Exculpatory Evidence Schedule" (EES).[2] The petitioner asked the court: (1) to find that the file "is not exculpatory, and does not contain Laurie, Brady, or Giglio matter";[3] (2) to "[i]ssue an order prohibiting the disclosure of this information in any future litigation"; and (3) to "[g]rant such other and further relief as is deemed just and necessary." The court denied the motion, ruling that the officer's placement on the EES was justified. The court noted that it had previously

---

[1] In the weeks before trial, the trial court also reviewed a different file relating to a separate police department investigation into the petitioner's conduct. The court found that this separate file did not contain exculpatory evidence. That ruling is not at issue before us.

[2] <u>See</u> <u>State v. Laurie</u>, 139 N.H. 325 (1995). In accordance with a 2017 memorandum issued by then-Attorney General Joseph Foster, the former so-called "Laurie List" is now referred to as the "Exculpatory Evidence Schedule."

[3] <u>See</u> <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963); <u>Giglio v. United States</u>, 405 U.S. 150, 154 (1972).

reviewed the investigation file, and had previously determined that that file contained exculpatory evidence. The petitioner filed a motion to reconsider, which the court denied. The petitioner then filed this petition for original jurisdiction pursuant to Supreme Court Rule 11.

The petitioner argues that, because the trial court failed to consider the underlying facts in the investigation file, the trial court erred in ruling that his name should remain on the EES. The petitioner asserts that his name should be removed from the EES because the investigation file does not contain sufficient evidence to support a finding that the file is exculpatory.

The State argues that we should deny the petition because the circuit court did not have subject matter jurisdiction to grant the equitable relief sought by the petitioner. Alternatively, the State argues that, if we conclude that the circuit court had jurisdiction, we should affirm on the merits because the investigation file contains exculpatory evidence justifying the petitioner's placement on the EES.

Although the petitioner did not file a reply brief responding to the State's jurisdictional argument, the issue of jurisdiction was discussed at length during oral argument. We agree with the State that, to the extent that the petitioner requested equitable relief — such as an order that he be removed from the EES maintained by the Attorney General, and prohibiting disclosure of the investigation file in any future litigation — the circuit court did not have jurisdiction to grant such relief.

"Our circuit court is a statutory court of limited subject matter jurisdiction." In re Search Warrant for Records of AT&T, 170 N.H. 111, 113 (2017). When the legislature created the circuit court in 2011, the court was granted "the jurisdiction, powers, and duties conferred upon the former . . . district courts" by RSA chapter 502-A. RSA 490-F:3 (Supp. 2019). Although the district division of the circuit court has jurisdiction over certain civil actions for monetary damages, see RSA 502-A:14 (2010), "it does not have jurisdiction to resolve issues of title or actions in equity." Friedline v. Roe, 166 N.H. 264, 266 (2014) (emphasis added). This lack of equity jurisdiction bars the district division from ordering equitable remedies, even when the district division has jurisdiction over the underlying case. See Holloway Automotive Group v. Lucic, 163 N.H. 6, 11-12 (2011) (ruling that, although the district court had jurisdiction over the underlying contract case, the court lacked authority to grant the remedy of piercing the corporate veil because that remedy is an equitable remedy); Matte v. Shippee Auto, 152 N.H. 216, 223 (2005) (ruling that, although the district court had jurisdiction over eviction proceeding, the court lacked authority to deny eviction based on equity

2

principles because the former district courts "[did] not have a general grant of equitable power" and "[did] not have equity jurisdiction" (quotations omitted)).

In contrast with the circuit court, "the superior court is a court of general jurisdiction and has authority to entertain actions in equity." Rogers v. Rogers, 171 N.H. 738, 743 (2019); see also RSA 498:1 (2010) (granting the superior court "the powers of a court of equity" in "cases in which there is not a plain, adequate and complete remedy at law"). In fact, in two recent cases appealed to this court, police officers properly sought such equitable relief in the superior court. See Duchesne v. Hillsborough County Attorney, 167 N.H. 774, 775 (2015) (officers brought request for declaratory judgment and an injunction to remove their names from the so-called "Laurie List" in the superior court, rather than the circuit court); Gantert v. City of Rochester, 168 N.H. 640, 642 (2016) (officer brought several claims arising out of his allegedly wrongful placement on the "Laurie List" in the superior court, rather than the circuit court). Accordingly, we hold that, although the circuit court had subject matter jurisdiction to make an evidentiary determination as to whether the investigation file contained exculpatory evidence warranting disclosure to the defendant in the pending criminal case, it did not have jurisdiction to grant the equitable relief sought by the petitioner. See Holloway, 163 N.H. at 11-12. Such equitable relief may only be ordered by the superior court. See RSA 498:1; Rogers, 171 N.H. at 743.

Next, to the extent that, in addition to seeking equitable relief, the petitioner argues that the trial court erred when it determined that the investigation file contains exculpatory evidence and ordered the disclosure of those portions of the investigation file to the defendant in the pending criminal case, we disagree. A trial court's decision as to whether a police officer's personnel file contains exculpatory evidence is reviewed for an unsustainable exercise of discretion. See Duchesne, 167 N.H. at 783, 785. Likewise, "[w]e review challenges to a trial court's evidentiary rulings under our unsustainable exercise of discretion standard and reverse only if the rulings are clearly untenable or unreasonable to the prejudice of a party's case." State v. Noucas, 165 N.H. 146, 158 (2013) (quotation omitted). "In determining whether a ruling is a proper exercise of judicial discretion, we consider whether the record establishes an objective basis sufficient to sustain the discretionary decision made." State v. Costella, 166 N.H. 705, 714 (2014) (quotation omitted). "Our task is not to determine whether we would have found differently, but is only to determine whether a reasonable person could have reached the same decision as the trial court on the basis of the evidence before it." State v. Plantamuro, 171 N.H. 253, 255 (2018). Having reviewed the investigation file at issue, we conclude that the trial court did not unsustainably exercise its discretion.

For the foregoing reasons, the trial court did not err in denying the relief requested.

Affirmed.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

4