# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0293, <u>Leonard LaPadula, III v. New Hampshire Employment Security AKA NHES</u>, the court on June 14, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, Leonard LaPadula, III, appeals an order of the Circuit Court (<u>Boyle</u>, R., approved by <u>Guptill</u>, J.), granting the motion of the defendant, the New Hampshire Department of Employment Security (NHES), to dismiss the plaintiff's small claim seeking payment of certain federal pandemic unemployment assistance benefits on grounds that the trial court lacked subject matter jurisdiction. The plaintiff advances a variety of arguments challenging the trial court's decision. We affirm.

"The State is immune from suit in its courts without its consent." <u>Avery v. Comm'r, N.H. Dep't of Corr.</u>, 173 N.H. 726, 730 (2020). As a State department or agency, NHES is "cloaked with the State's sovereign immunity." <u>Id</u>. (quotation omitted). Accordingly, NHES is immune from suit in New Hampshire courts "unless there is an applicable statute waiving immunity." <u>Id</u>. at 730-31 (quotation omitted). "Any statutory waiver is limited to that which is articulated by the legislature; thus, New Hampshire courts lack subject matter jurisdiction over an action against the State unless the legislature has prescribed the terms and conditions on which it consents to be sued, and the manner in which the suit shall be conducted." <u>Id</u>. at 731 (quotations omitted). "Such waivers, however, are strictly construed." <u>Chase Home for Children v. N.H. Div. for Children, Youth & Families</u>, 162 N.H. 720, 730 (2011). "Sovereign immunity is a jurisdictional question not to be waived by conduct or undermined by estoppel." <u>Avery</u>, 173 N.H. at 731.

In this case, there is considerable dispute over the nature of the plaintiff's small claim, and whether it is best characterized as, for example, a challenge to NHES's administrative eligibility determination, as an action sounding in tort, as an action sounding in contract, or as an action sounding in equity. We need not resolve this dispute, however, because the result in each case is the same: the district division of the circuit court, which is a court of limited statutory jurisdiction, <u>see</u> <u>Friedline v. Roe</u>, 166 N.H. 264, 266 (2014), lacks subject matter jurisdiction over the plaintiff's claim. To the extent the plaintiff's claim amounts to a challenge to NHES's eligibility determination, that claim may only be advanced through the administrative process established in RSA chapter 282-A, and, once those administrative remedies have been exhausted, may only be

appealed to this court.  See RSA 282-A:67, :68 (2023).  To the extent the plaintiff's claim amounts to an action in tort, contract, or a related equitable doctrine, the State has waived sovereign immunity and consented to be sued on such grounds only in the state board of claims or the superior court.  See RSA 541-B:9, :1 (2021) (waiving sovereign immunity for certain tort claims and providing jurisdiction, depending on size of claim, exclusively to board of claims and/or superior court); RSA 491:8 (Supp. 2023) (waiving sovereign immunity for contractual and related equitable claims and providing jurisdiction to superior court).  Moreover, as noted, the circuit court is a court of limited statutory jurisdiction, and does not have jurisdiction to resolve actions in equity.  See Friedline, 166 N.H. at 266.

The plaintiff bears the burden of demonstrating reversible error on appeal.  See Gallo v. Traina, 166 N.H. 737, 740 (2014) (holding that the appealing party bears the burden of demonstrating reversible error).  We find no error in the trial court's decision to dismiss the plaintiff's small claim for lack of subject matter jurisdiction.  In light of our decision, we need not address the plaintiff's remaining arguments.

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.


**Timothy A. Gudas,
Clerk**

2